## Shepherd Lamphire *v.* The Town of Windsor.

*Highway districts and surveyors.   Powers of the selectmen respecting them.*

The selectmen of a town which is already divided into highway districts, for which surveyors of highways have been chosen, have no authority to alter those districts, so as to create a new one, and render necessary the appointment of an additional surveyor for the year for which the others are chosen.

The selectmen of the defendant town, soon after the annual meeting, at which surveyors were chosen for all the highway districts, and in whose offices no vacancies had occurred, made, (so far as they legally could,) a new highway district, and appointed the plaintiff surveyor for it.  The plaintiff thereupon, in good faith, performed services and made expenditures in the necessary or proper repairs of the highways of his supposed district, by which the defendants were benefited.  *Held*, that in the absence of any contract on the part of the defendants, except such as arose from the supposed official relation of the plaintiff, and without a subsequent express ratification of his acts, no recovery could be had by the plaintiff for such services and expenditures

Book Account.   From the auditor's report, it appeared that the account of the plaintiff was for services performed and expenditures made by him, under an appointment, as a surveyor of highways for a new highway district, which the selectmen of Windsor made, soon after the annual town meeting for that town, in March, 1852.   At the annual meeting, surveyors were duly chosen for all the highway districts, in which the town was then divided, and in their offices no vacancies occurred; but soon after said meeting the

selectmen of that town formed a new district from parts of three old districts, for each of which a surveyor had been duly chosen, and appointed the plaintiff surveyor of highways for it, and made out and placed in his hands a highway bill, the amount of which the plaintiff expended upon the highway, in said district, acting in the capacity and under his appointment for that district. The plaintiff, still acting in the same capacity, and with the knowledge of the selectmen of said town, made further expenditures of money and labor upon the highways in his supposed district which were in need of repairs; and a part of the expenditure, made after all the taxes on his bill had been expended, was for work which was rendered necessary by reason of the highways in said district having been suddenly damaged by showers. All the labor and expenditure of the plaintiff was made in good faith; the highways were well worked and had ever since been better than they were before; the town of Windsor had the benefit of the same and the plaintiff had never been fully compensated therefor.

Upon the foregoing facts, the county court rendered judgment in favor of the plaintiff, for the balance reported by the auditor. Exceptions by the defendants.

*C. Coolidge* and *W. Currier*, for the defendants.

*Washburn & Marsh*, for the plaintiff.

The opinion of the court was delivered, at the circuit session in September, by

Isham, J. It is stated by the auditor, in his report, that the plaintiff rendered the services, and made the expenditures for which this action is brought, and that the town of Windsor has received the benefit of them. The general principle, however, applies to this case as to others, that no one can make the town a debtor, and recover a judgment on that indebtedness, unless the claim has arisen from some contract on the part of the town, either express or implied. There is no pretence that any such contract exists in this case, unless it arises from the relation of highway surveyor, which the plaintiff insists he held, and under the authority of which, he rendered these services and made these expenditures. That the law will imply a contract to pay for services of

36

this character when rendered by one holding that relation seems fully settled by the case of *Gassett* v. *Andover*, 21 Vt. 342. Treating this account as having been made, and the services rendered in good faith, the inquiry in the case arises, whether there was a highway district in that town in which the plaintiff was legally appointed highway surveyor: in other words, did the plaintiff occupy the relation of highway surveyor at the time this account accrued, and for which, under an implied contract, the town of Windsor are liable.

The Comp. Stat. 175, § 4, provides, "that the selectmen shall " divide the several towns into a sufficient number of highway dis- " tricts, to be convenient for repairing highways, and may from " time to time alter the same." The thirteenth section of the act, p. 114, makes it the duty of the town, at their annual March meeting, among other officers of the town, to choose a surveyor of highways *for each highway district*, and by the twenty-second and twenty-third sections, it is provided that whenever there shall be a vacancy in any town office, by reason of the non-acceptance, death, removal, insanity, or other disability of any person chosen to office, the town may fill such vacancy, by a new choice, at any legal meeting: or the selectmen, in relation to highway surveyors and some other town officers, may by temporary appointment fill any vacancy: and the persons so appointed by the selectmen shall hold their office until the town shall elect others in their stead, and which appointments are to be recorded in the town clerk's office of such town.

The intention of the legislature in these various provisions of the statute is obvious. The selectmen are to divide the town into highway districts. The number of the districts, and their general location is to be determined by them. The requirement, that highway surveyors shall be appointed *for each district*, presupposes that a division of the town for that purpose has been previously made by the selectmen, so that the number of highway surveyors can be known. It was so held in the case of *Newbury* v. *Finney*, 2 Aik. 299, in which it was observed, "that the intention of the legislature undoubtedly was, " that the division of the districts, *at the time of the appointment of* " *the surveyors, should be the division by which they were to be gov-* " *erned*, and that if alterations should be necessary, they should be

"previously made." It may be possible that the selectmen, after the town has appointed highway surveyors, may make some alterations of highway districts, by adding a portion of one district to another, when, by so doing it may be rendered more convenient to repair the highways. But, however that may be, we feel satisfied that, for the year in which highway surveyors have been appointed by the town, no alteration can be made by the selectmen, changing the general locality of the districts or creating a new district, so as to render necessary the appointment of a new and additional highway surveyor. A change in highway districts, so radical and important, should be made previous to the annual meeting of the town, so that an appointment for the district may be made by the town.

It follows, as a necessary conclusion, that there was no vacancy which authorized the selectmen to appoint the plaintiff highway surveyor in that town. It is stated in the case, that highway surveyors were appointed by the town at their annual March meeting, in 1852, and that no vacancy had occurred which rendered it necessary for the selectmen to make a new appointment until this new district was made, soon after that meeting of the town. There has been no vacancy occasioned by the *non-acceptance, death, removal, insanity, or other disability of any person chosen to office.* The vacancy must have occurred in one of those modes which are specified in that provision of the statute, and the appointment by the selectmen must be to *fill the place of one who was chosen at the annual meeting,* and who for some of these disabilities is rendered incapable of discharging its duties. This doctrine was held in *Cummings* v. *Clark,* 15 Vt. 657, and such was manifestly the intention of the legislature.

The plaintiff, was not, therefore, authorized as a highway surveyor in that town, to make these expenditures, on that road, and impose thereby a liability on the town, on any implied contract arising from that relation. Nothing short of an express subsequent ratification of the act will impose that liability on the town. This view of the case renders it unnecessary to examine other questions which were raised during the argument.

The judgment of the county court must be reversed, and judgment rendered for the defendants.