## SCOTT *v.* TOWN OF MOUNT TABOR

*Selectmen.   Highway Surveyors.*

The defendant town elected B. highway surveyor of district No. 5, H. of district No. 6, and T. of district No. 7. Neither B. nor T. were at the meeting at which they were elected, but H. was, and did not object to accepting the office, and was not excused from serving. No notice of their election was given to B. and T. by the town clerk, as required by statute, nor were tax-bills ever offered to any of the three. Plaintiff was elected one of the selectmen at the same meeting; and in May following, when the selectmen got together to make out tax-bills for highway taxes, plaintiff told the other two selectmen, that B. and H. would not serve (and they had told him so), and that T. was not a very good surveyor, and that they might appoint him surveyor of said districts if they were a mind to. Thereupon the other two selectmen set a part of district No. 5 to No. 4, and consolidated the remainder of No. 5, and districts 6 and 7, into one district, and made a tax-bill for such consolidated district, attached a warrant thereto directed to the plaintiff as highway surveyor thereof, and gave the same to plaintiff, but made no other record of plaintiff's appointment as such surveyor. Plaintiff took said tax-bill, and acted as surveyor of said district the ensuing year, and properly expended large sums of money on the highways therein. The other selectmen gave him a town order for part of his expenditures, and he collected some on his tax-bill, but a balance remained unpaid. *Held* that the selectmen had no such authority as they attempted to exercise, and that the town was not bound by their acts; that plaintiff could not recover of the town upon the ground that he was a highway surveyor; nor because he was one of the selectmen; nor upon the ground that the other selectmen ratified his acts by paying a part of his expenditures, as they had no power to appoint him, and therefore could not bind the town by ratifying his acts done under the appointment.

GENERAL ASSUMPSIT. Plea, general issue, and trial by court, September Term, 1874, WHEELER, J., presiding.

The defendant town, at its annual March meeting in 1872, elected a highway surveyor for each of the highway districts Nos. 5, 6, 7, viz : Bates for 5, Horley for 6, and Turner for 7. Neither Bates nor Turner were at said meeting, but Horley was, and made no objection to accepting said office, except as hereafter stated, and was not excused from serving. No notice of their election was given to Bates or Turner by the town clerk, as required by law ; nor were tax-bills ever offered to any of the three. The selectmen elected at said meeting were the plaintiff, Daniel H. Lane, and Luther P. Howe ; and on or about the 15th of May thereafter, when said selectmen met to make tax-bills for highway

taxes, the plaintiff said to Howe and Lane, that Bates and Hor- ley would not serve (and the court finds that both of them so told him), and that Turner was not a very good highway sur- veyor, and that they might, if they had a mind to, appoint him, Scott, highway surveyor of said three districts. Thereupon said Howe and Lane set a part of district No. 5 to No. 4, and consoli- dated the remainder of 5, and districts 6 and 7, into one highway district, and made out a tax-bill for said consolidated district, and attached a warrant thereto, directed to the plaintiff as highway surveyor thereof, and gave the same to the plaintiff, but made no other record of the appointment of plaintiff as highway surveyor of said district. The plaintiff accepted said tax-bill, collected a part thereof, and acted as highway surveyor of said consolidated district for the ensuing year ; and during the year he properly expended $105.87 in working the highways and breaking roads in the district covered by his warrant. He collected $35.93 on his tax-bill, and received a town order of $25 of the other two selectmen, to be applied on his claim for such expenditure, and the balance had not been paid him.

From the foregoing facts, the court decided that plaintiff was entitled to recover the balance due on said expenditure after de- ducting the amount received on the tax-bill and the amount of the town order, and rendered judgment for the plaintiff therefor. Defendant excepted.

*Dunton & Veazey*, for defendant.

*W. H. Smith*, for plaintiff.

The opinion of the court was delivered by

PIERPOINT, Ch. J. The plaintiff's right to recover depends mainly upon the question whether the money that he seeks to re- cover was expended by him as a highway surveyor of the district within which it was expended.

It appeared that prior to the March meeting in 1872, the town had been duly divided into highway districts as required by law, and at said meeting the town elected surveyors for each of said

districts.   Bates was elected for district No. 5, Horley for No. 6, and Turner for No. 7.   Horley was present at the meeting and did not decline to act.   Bates and Turner were not present, and were not notified by the clerk of their election.   Bates and Horley afterwards told the plaintiff, who was one of the selectmen, that they would not serve.   Turner did not object to serving.   No tax-bills were offered to any of them, and no steps taken to enforce the penalty for refusing to serve.   Each stood in a position where he had the right to serve if he saw fit; and for aught that appears, if the proper tax-bills had been offered, would have done so.   The selectmen did not regard these offices as vacant and proceed under the statute to fill them; but proceeded to set a part of No. 5 to district No. 4, and then consolidated the remainder of No. 5 with No. 6 and No. 7, thus, in fact, making a new district, and appointed the plaintiff (one of their number) the surveyor of such district.   Had the selectmen, under the statute, authority to do this?   The statute makes it the duty of the selectmen to divide the several towns into a sufficient number of highway districts, with power from time to time to alter the same.   It also makes it the duty of the town at its annual meeting to choose a highway surveyor for each highway district.   No authority is conferred upon the selectmen to appoint highway surveyors, except to fill such vacancies as may occur in the manner specified in the statute after the town has exercised its power of appointment.   All this indicates very clearly the intent of the legislature that the selectmen should so exercise their duty of dividing the town into districts that the town could exercise its duty of appointing the highway surveyors.   Any other view of the statute would enable the selectmen in every town, after the annual town meeting, by redistricting the town, to usurp the whole power of appointing the highway surveyors therein.   This we think would be going quite too far.

The principle involved in this case, comes clearly within the doctrine established in the case of *Lamphire* v. *Windsor*, 27 Vt. 544.   In that case, the selectmen took parts of three old districts and formed thereof a new district, and appointed Lamphire the surveyor of it.   The court held that in so doing the selectmen

50

exceeded their power, and that Lamphire derived no authority therefrom as a highway surveyor. It can make no difference whether the action of the selectmen increases or diminishes the number of districts in the town. The difficulty consists in their making an entire new district and appointing a highway surveyor thereof.

In this case it is conceded that there was no vacancy in the office of surveyor in one of the old districts absorbed in the new. Whether there was in the other two, is at least questionable. *Cummings* v. *Clark*, 15 Vt. 653. But if there was, that would confer on the selectmen no such authority as they attempted to exercise. They only had authority to fill such vacancies. The result is, the plaintiff cannot recover upon the ground that he was a highway surveyor.

But it is said he was one of the selectmen when he made the expenditure. He did not act, or profess to act, as a selectman, but as a surveyor; and what he did is embraced within the duties of a surveyor, and not of the selectmen. We think he cannot stand upon this ground.

It is further said that the other selectmen ratified his acts by paying him a part of what he expended. If the selectmen could not bind the town by his appointment, it is difficult to see how they could subsequently bind the town by recognizing the acts done by him under such appointment.

Judgment reversed, and judgment for defendant to recover its costs.