JOSHUA B. SIMPSON *et al.*, appellants, *v.* THOMAS ALEXANDER,
Jun'r, appellee.

*Appeal from Putnam.*

An appeal is not pending in the Supreme Court until it is consummated by the
filing of the bond.

An appeal was prayed in the Circuit Court of one of the counties embraced
within the Third Grand Division prior to the first day of April, A. D. 1848,
the day on which the new Constitution took effect: *Held,* that the appeal
was pending in the Supreme Court for that Division.

THIS cause was entered upon the docket of the Supreme
Court for the Second Grand Division, when a motion to
dismiss the appeal was made by the counsel for the appellee.

*H. O. Merriman,* for the appellee, in support of the motion.

*O. Peters,* for the appellants, *contra.*

The Opinion of the Court was delivered by

TREAT, C. J.   On the 30th of March, 1848, Alexander
recovered a judgment against T. R. & J. B. Simpson, in the
Circuit Court of one of the counties embraced in the Third
Grand Division.  On the same day, the defendants were

allowed an appeal on their entering into bond within thirty days. The bond was filed on the 25th of April. The question arises, is the appeal pending in this Court? In remoeing a case into the Supreme Court, since the 1st of April, 1848, the record necessarily goes to the Court, held in the Division in which the judgment was rendered, except where all of the parties consent that the case may be heard by the Court in the adjoining Division. ( *Owens* v. *McKethe, ante* 79.) This case was not pending in the Supreme Court until the appeal was consummated by the filing of the bond. The allowance of the appeal was conditional, and no right was acquired under it until there was a compliance with the conditions. *Branigan* v. *Rose*, 3 Gilm. 123. The case is properly pending in the Court to be held in the northern Division, and must be there disposed of. This Court has no jurisdiction over it, and it must consequently be dismissed from the docket.

*Appeal dismissed.*