Joseph M. Blackerby *et al.*, County Commissioners of Pike County, *v.* The People of the State of Illinois, *ex rel.* Benjamin B. Metz.

*Motion to dismiss suit.*

A party against whom a peremptory *mandamus* had been awarded, presented a copy of the record in the case to one of the Justices of the Supreme Court, and obtained an order for a *supersedeas* on entering into bond, &c. The bond was executed and filed in the Circuit Court, but the record was never filed in the Supreme Court, nor was a writ of error issued. The counsel for the opposite party, supposing the case to be pending in the Supreme Court, moved to dismiss it for want of prosecution. The motion was overruled.

An order allowing a *supersedeas* does not operate as a suspension of the judgment of the Circuit Court until the bond is filed in the office of the Clerk of the Supreme Court, and a writ of error is issued.

Motion to dismiss the above entitled suit for want of prosecution, entered by *M. Hay,* counsel for Metz, the Relator.

The proceedings in the Circuit Court are briefly stated in the Opinion of this Court.

Blackerby *et al. v.* The People.

The Opinion of the Court was delivered by

TREAT, C. J.    The Circuit Court awarded a peremptory *mandamus* against the County Commissioners of Pike county, to compel them to make an order on the county treasurer for the payment of $125 to B. B. Metz.    The Commissioners presented a copy of the record to one of the Justices of the Supreme Court, and obtained an order for a *supersedeas* on their entering into bond.    The bond was executed and filed in the Circuit Court, but the record has never been filed in this Court, nor has a writ of error been sued out.    The counsel for Metz, on the supposition that the case is pending in this Court, has entered a motion to dismiss it for want of prosecution.    The motion cannot be entertained.    The case is not before this Court.    The judgment of the Circuit Court is not superseded, but process can at any moment issue to enforce it.    A writ of error must be sued out before the case can be considered as pending in this Court.    The order allowing a *supersedeas* does not operate as a suspension of the judgment, until the bond is filed and the writ of error issues.    Rev. Stat. 421, § 54.    The bond must be filed with the Clerk of this Court.    Rule 5, 1 Scam. 12.    When these proceedings are had, the Clerk issues the certificate prescribed by the 6th rule of this Court, the object of which is to notify those interested that all proceedings on the judgment are to be stayed until the determination of the writ of error.

*Motion overruled.*