May *v.* Tallman.

AARON E. MAY, Plaintiff in Error, *v.* JAMES B. TALLMAN. Defendant in Error.

ERROR TO BUREAU.

| 20 | 443 |
| 21a | 253 |
| 20 | 443 |
| 30a | 603 |
| 20 | 443 |
| 51a | 466 |
| 20 | 443 |
| 59a | 91 |

An actual removal of an entire mass of a cumbrous article (as a crib of corn,) is not necessary to constitute a delivery and change of possession.

Where one party is to deliver another three hundred bushels of corn, and points to a crib in which it is, which is accepted, and two wagon loads are taken out of it, this constitutes a good transfer of title.

When two instructions are asked for, both of which contain the same principle of law, the court may give the one and refuse the other.

Circuit Courts may refuse to repeat a principle of law which has previously been fairly stated to the jury.

THIS cause was heard before HOLLISTER, Judge, and a jury, at March term, 1856, of the Bureau Circuit Court. The bill of exceptions states the proof as follows: "The said plaintiff, to maintain the issue on his part, amongst other things, gave testimony tending to prove that the corn mentioned in the pleadings was sold and delivered by the defendant to plaintiff; and the defendant, on his part, amongst other, gave in evidence facts tending to prove that said corn was not sold and delivered to the plaintiff."

TAYLOR & STIPP, and O. C. GRAY, for Plaintiff in Error.

PETERS & FARWELL, for Defendant in Error.

CATON, C. J. This was an action of trover. The evidence tended to show the case supposed in the following instruction, which was given for the plaintiff, and an exception taken: "4th. If the jury believe, that when the plaintiff called upon the defendant for the corn that was to have been received by the plaintiff upon the contract, and the defendant pointed to a crib, and said, there is your corn, take it, and thereupon the plaintiff, after consulting with the witness, Dana, as to whether, in his opinion, there was three hundred bushels, as the contract, if proved, was that the plaintiff was to receive, and upon the witness giving his opinion there was, he went without objection and took two loads of the corn, which was not measured by the parties, and May was not even present, and that afterwards, when the plaintiff came for the balance, the defendant would not let him have it, that then the defendant is guilty of a conversion of the balance of the corn, unless the jury believe it was the intention of the parties that the corn was not, by their acts, to be the property of the plaintiff." To the rule of law

here laid down we can see no just exception. As between the parties to the sale, at least, the evidence here supposed was sufficient to prove that the title passed. Even where a strict delivery is necessary to protect the purchaser, an actual removal of the entire mass of a cumbrous article like a crib of corn is not necessary to constitute a delivery and change of possession. An offer was made by the seller of the crib of corn on certain terms, which after consultation were accepted by the purchaser, who took two loads of the corn away without objection. It is difficult to conceive what would be a good transfer of title, if this was not. The instruction was properly given.

The court refused to give this instruction for the defendant: "If the jury believe, from the evidence, that the plaintiff was to take out of the crib only enough corn to pay him (plaintiff) the balance on the price of the sheep, and the jury also believe that there was more corn in the crib than would pay said balance, then the jury must find for the defendant on the corn." But gave the following: "In order for the plaintiff to recover for the corn, it is necessary for the jury to believe, from the evidence, that it was the intention of both parties that Tolman should have the whole of the corn pointed out, as what was due on the contract." We shall not stop to examine whether the instruction refused was law or not; it is sufficient to say that the instruction given contained the same principle manifested in the one refused, but in a broader and more favorable form for the defendant, and therefore he cannot complain. The principle of law upon which the defendant rested his defense was fairly and broadly laid down to the jury in such a form, that they must have found a verdict for him had they found the facts to exist upon which alone that principle of law could serve him. When the court once fairly and intelligibly states a principle of law to the jury, it may refuse to repeat it; and when two instructions are asked at the same time, containing the same principle of law, the court may select the one which it thinks expresses it the best and most fairly, and refuse to trouble the jury with the other.

The judgment must be affirmed.

*Judgment affirmed.*