OLIVER OUTHOUSE

*v.*

THOMAS E. ALLEN.

72  529
47a 601
72  529
65a 298
72  529
90a ¹387

1. OFFICER—*when his official character must be proved.* Where a defendant in a replevin suit sets up the defense that he was a constable, and took the property under an execution in his hands against the owner of the property, and the direct question is raised as to whether he was a constable or not, he must show that he was a constable *de jure;* evidence that he was an acting constable is not sufficient.

2. EVIDENCE—*justification by officer under process.* The general rule is, that an officer may justify his seizure of property under an execution if it is regular on its face, and appears to have been issued by a court having competent jurisdiction, without making proof of the judgment on which it was issued.

APPEAL from the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

Messrs. MURRAY & ANDREWS, for the appellant.

Mr. THOMAS E. MERRITT, for the appellee.

34—72D ILL.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The property which is the subject of this litigation originally belonged to Jerry S. Ballenger. It consists of a pair of horses. They were sold at sheriff's sale, and appellant became the purchaser, at the sum of $80. On the day of the sale, after the property had been delivered to him by the sheriff, appellant entered into an agreement with Ballenger, by which he agreed that if Ballenger would reimburse him for the amount of his bid, and pay the balance due on the execution under which the sale had been made and for which appellant's property was liable, then the horses were to belong to Ballenger, or to his children, if paid for with their money. Under this agreement the property was delivered to Ballenger.

Neither the amount bid for the horses nor the balance due on the judgment had been paid, and while the property was in the possession of Ballenger, where it had been before and was after the sale, it was levied on by appellee, acting in the capacity of a constable, by virtue of an execution against the goods and chattels of Ballenger. Appellant then brought this action in replevin to recover the property.

The horses having been conditionally sold to Ballenger, and being in his possession, it may be they were liable to any execution against his goods and chattels, but there is a conclusive reason why the present judgment can not be permitted to stand. Appellee seeks to justify the taking of the property by his official acts—that it was done in the capacity of a constable, by virtue of an execution against the property of Ballenger. His right to exercise the functions of a constable was directly challenged, and it was, therefore, incumbent on him to prove that he was a constable *de jure.* The cases in this court are conclusive upon this point. *Schlencker* v. *Risley,* 3 Scam. 483; *Case* v. *Hall,* 21 Ill. 632.

The requisite proof could have been made by the production of the officer's certificate of election. There was evidence he was an acting constable, but this is not sufficient. Where the direct question is raised, and the officer is a party to the record,

there should be the additional evidence he was the officer he claimed to be.

It is insisted, it was indispensable to the justification of the officer making the levy, that he should not only produce the execution, but should make proof of the judgment on which it was issued. We have been referred to no case that holds the doctrine contended for. The general rule seems to be, the officer may justify his seizure of the property under the execution if it is regular on its face, and appears to have been issued by a court having competent jurisdiction. It would appear to be sufficient for the defense of the officer, that he can prove he made the levy by virtue of an execution during its lifetime, and while it was unsatisfied. *Dayton* v. *Fry*, 29 Ill. 525.

For the error indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*