The People *ex rel.* John M. Sullivan

*v.*

Herman G. Weber.

| 86 | 283 |
|---|---|
| 130 | 492 |
| 86 | 283 |
| 34a | 270 |
| 86 | 283 |
| 47a | 602 |
| 86 | 283 |
| 63a | 459 |
| 86 | 283 |
| 96a | [2]441 |
| 86 | 283 |
| 193 | [2]523 |
| 193 | [2]524 |
| 193 | [2]580 |
| 193 | [2]590 |
| 193 | [2]591 |
| 86 | 283 |
| 205 | [3]286 |

1. City officers — *removal and appointment by the mayor.* Where the mayor of a city, in pursuance of law, reports to the city council that he has removed an officer, and accompanies such report with the nomination of one whom he has appointed to fill the vacancy, and the city council, at a full meeting, disapprove of the removal by a two-thirds vote and reject the appointment made by the mayor, and refuse to approve the official bond tendered by the appointee, or in any way to recognize him as an officer, such action of the city council nullifies the appointment by the mayor and renders it of no effect.

2. Mandamus — *not a prerogative writ.* The writ of *mandamus* is not now, as formerly, a prerogative writ, but under our statute is nothing more than an ordinary action at law in cases where it is the appropriate remedy.

3. Officer — *claiming rights as such must show title to his office.* Where one claims rights as an officer, by virtue of his office, he must show that he is legally entitled to act,— that he is an officer *de jure* as well as *de facto.*

4. Same — *officer de facto — upon whom his acts binding — and how his title questioned.* The acts of an officer *de jure* are valid and effectual everywhere when within the limits of his authority ; but the acts of a *de facto* officer are valid only so far as the rights of the public, and of third persons having an interest in such acts, are involved ; but such officer can claim nothing for himself.

5. The title of a *de facto* officer can not be inquired into in a collateral way between third parties, but it may be inquired into where he is suing in his own right as an officer.

This was a petition presented in this court for a *mandamus*.

Mr. ELLIOTT ANTHONY, for the petitioner.

Mr. CHARLES P. KNISPEL, Mr. WILLIAM C. ELLISON, and Mr. M. MILLARD, for the defendant.

Per CURIAM: This is a petition for a writ of *mandamus*, presented by John M. Sullivan, claiming to be the city treasurer of the city of East St. Louis, the purpose of which is to compel Herman G. Weber, county collector of St. Clair county, to pay over to him as treasurer of the city the sum of $15,351.45 of the city taxes which Weber had collected by virtue of his office of county collector, the same being part and parcel of the city tax levy of 1876.

From the pleadings in the cause it appears the right to exercise the office of city treasurer is denied, and we are not satisfied the petitioner has a clear title to the office. It would seem the mayor, in the performance of his duty and in obedience to the law, at the regular meeting of the city council next after the removal of Franz and the appointment of petitioner, submitted his actings and doings in this regard to the council, accompanied by the nomination of petitioner to the office of city treasurer to supply the vacancy. The council, in a full meeting, disapproved of the removal of Franz, and, by yeas and nays entered upon its records, refused to consent to the appointment of petitioner as city treasurer, and no person has been since appointed to that office. And it further appears the city council has not approved of the bond of petitioner, and have constantly refused to recognize him as city treasurer. We are of opinion the nomination of petitioner by the mayor having been rejected by the city council had the effect to nullify the appointment by the mayor and to render it of no effect. He was not from that time forth the city treasurer.

But it is said he was *de facto* such officer. We believe the rule to be, when one claims rights as an officer by virtue

of his office he must show that he is legally entitled to act; that he is an officer *de jure* as well as *de facto*. The acts of the former are valid and effectual everywhere, for he is clothed with all the power and authority appertaining to the office, and his acts, within the limits of his authority, can not be questioned anywhere. The acts of a *de facto* officer are valid only so far as the rights of the public, or of third persons having an interest in such acts, are involved.

But such officer can claim nothing for himself. The title of such officer can not be inquired into in a collateral way between third parties, but it may be inquired into when he is suing in his own right — as, when he is suing for money had and received, to recover the fees of an office against a wrongful intruder. *Glascock* v. *Lyons*, 20 Ind. 1; *United States* v. *Addison*, 22 How. 174. So in this case, the petitioner claiming rights, his claim can be inquired into in this application.

We fail to see any just ground on which this application can be sustained.

The writ of *mandamus* is not now, as formerly, a prerogative writ; it is nothing more, under our statute, than an ordinary action at law in cases where it is the appropriate remedy. Yet it is to be issued in the discretion of the court. In the exercise of this discretion we do not feel justified, by the facts in this case, to award the writ.

It appears the city council, by resolution, notified the defendant, Weber, the county collector, not to pay over those moneys in his hands to the petitioner, or to any one else, until requested by the city council, but to retain them in his possession. This resolution, although vetoed by the mayor, was passed by a vote of two-thirds of all the members elected to the city council, and was duly published, and a certified copy thereof was duly served upon the defendant; and he was also notified that he would be held by the council strictly to account for this money.

It is said by petitioner the council had no right to interfere in this matter; that he, being treasurer, was entitled

to receive and hold this money. As treasurer *de facto*, merely, he had no right to ask that the collector be compelled to pay this money to him; and under the circumstances the orders and direction of the city council to defendant not to pay over this money to the petitioner was a sufficient justification to defendant, and is a complete answer to the petition.

Judgment will be entered against the petitioner for the costs.

*Mandamus refused.*