<hr />

THE PEOPLE *ex rel.* Thomas Winstanley, City Treasurer,
*v.*
HERMAN G. WEBER, Collector.

1. OFFICER DE FACTO—*when not sufficient.* While the acts of an officer *de facto* are valid in so far as the rights of the public are involved, or the rights

of third persons having an interest in them are concerned, yet if a party sues or defends in his own right as a public officer, it is not sufficient that he be merely an officer *de facto*, but he must be an officer *de jure*.

2. OFFICE—*appointment by mayor of treasurer.* The appointment of one to the office of city treasurer, under a law which requires a confirmation by the city council, gives the appointee no right to the office without such confirmation by the proper and legal city council.

This was an application in this court by Thomas Winstanley, as city treasurer of the city of East St. Louis, for a writ of *mandamus* against Herman G. Weber, county collector of St. Clair county, to compel him to pay over to the relator moneys collected by him and taxes belonging to the city of East St. Louis. The defendant's plea presented the question of the validity of the relator's election.

Messrs. WILDERMAN & HAMILL, Mr. R. A. HALBERT, and Mr. L. H. HITE, for the relator.

Mr. C. W. THOMAS, and Messrs. G. & G. A. KŒRNER, for the respondent.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

While the acts of an officer *de facto* are valid, in so far as the rights of the public are involved and in so far as the rights of third persons having an interest in such acts are concerned, still, where a party sues or defends in his own right as a public officer, it is not sufficient that he be merely an officer *de facto*. To do this he must be an officer *de jure*. As an officer *de facto* he can claim nothing for himself. *People ex rel. Sullivan* v. *Weber*, 86 Ill. 283.

The commission under which relator claims title, recites that it is issued in pursuance of an election held on the 16th day of April, 1878, and the answer to relator's petition states that "it is from this pretended election that relator obtains *all* the title he has to the pretended office claimed by him." This allegation of the answer is confessed by demurrer.

In the case of *Stephens* v. *The People ex rel. ante,* 337, we have held void the election through which relator claims to

have acquired the supposed office.   The condition of the pleadings precludes the relator from insisting that he is an officer *de lege,* under the appointment of the mayor.   If the pleadings were otherwise, the appointment relied upon in argument gave no title to the office without confirmation by *the city council,* and the body by which such confirmation is claimed was not *the proper body,*—was not "*the city council*" under the law.   It follows that the relator is not a public officer of the character held necessary to entitle him to the relief sought.

The application for a writ of *mandamus* must be denied.

*Mandamus refused.*