Gilligan v. Stevens.

---

## PATRICK GILLIGAN
### v.
## RUFUS C. STEVENS.

1. REPLEVIN—PLEA OF PROPERTY IN DEFENDANT—FORM OF VERDICT.—Appellee claimed to hold the property as sheriff, under an execution against the father of appellant. Appellant claimed the property by purchase from his father, and there was evidence tending to show that the sale to him was fraudulent as to creditors of his father. The jury found the property in appellee. *Held*, error. If the sale was fraudulent, the finding should have been: "We, the jury, find the issues for the defendant, and that the property was the property of the defendant in execution." Under the present verdict, even though appellant should pay off the execution, he could not recover the property from appellee.

2. JUSTIFICATION BY OFFICER UNDER EXECUTION.—Where an officer justifies the taking of property by virtue of an execution, he must prove himself an officer *de jure*.

APPEAL from the Circuit Court of LaSalle county; the Hon. FRANCIS GOODSPEED, Judge, presiding. Opinion filed November 1, 1879.

Mr. E. F. BULL, for appellant.

Messrs. DUNCAN & O'CONOR, for appellee; that the plaintiff must recover upon the strength of his own title, and it is not necessary that the defendant, even under a plea of property in a stranger, should connect himself with the title in order to recover, cited Anderson v. Talcott, 1 Gilm. 365; Rogers v. Arnold, 12 Wend. 37; Hammond v. Mead, 1 Hill 204; Van Namee v. Bradley, 69 Ill. 299.

The verdict simply determines appellant's right to the property : Reynolds v. McCormick, 62 Ill. 412.

PILLSBURY, P. J.   Replevin by appellant against the appellee.   The defendant below, appellee here, pleaded property in himself, property in John Gilligan and that he, as sheriff of LaSalle county, levied upon the property in controversy as the property of John Gilligan upon an execution against said John Gilligan, etc.

Upon the trial in the court below, the jury found the " right of property in the defendant," and the court overruling a motion for a new trial, entered judgment upon the verdict and ordered a return of the property, and the plaintiff below appealed.

The record discloses that the appellee claimed to hold the property by virtue of an execution against John Gilligan and one Michael Byrne, in favor of J. P. Brown & Co., and which was levied by him upon the property in controversy.

A portion of the property in controversy was claimed by Patrick Gilligan, by purchase from his father, the said John Gilligan, which sale was attacked by the appellee upon the ground of fraud, and evidence given tending to prove such sale fraudulent.   We are not prepared to say that the evidence did not authorize the jury in finding that such sale was void as to creditors so far as the property acquired by the appellee from the defendant in execution was concerned, but it is clear from the evidence, that a portion of the property was purchased by appellant from outside parties having no connection whatever with John Gilligan, and we are at a loss to see why he is not

entitled to recover such property in this suit.   The issue as to his ownership of this portion of the property, appears to have been entirely ignored upon the trial and overshadowed by the contest over the question of fraud in the sale from John to Patrick Gilligan of the other portion of the property.   As to the property thus purchased from strangers, the verdict is clearly against the evidence, and for this reason the judgment should be reversed were there no other error in the record.

The finding of the jury is erroneous upon the plea of property in the defendant.   The defendant claims no right or interest in the property except under said execution, yet this verdict would forever, as against the appellant, notwithstanding he might pay off the execution, bar him from claiming the property from the appellee.   If the sale was fraudulent then, as to such property, the finding should have been, " We, the jury, find the issues for the defendant and that the property in controversy was the property of John Gilligan, the defendant in execution."   Hanford v. Obrecht, 49 Ill. 146.

There is another reason why this judgment cannot be sustained.   In Outhouse v. Allen, 72 Ill. 529, the Supreme Court announced the same rule, when an officer justifies under execution in an action of replevin, that was settled by Schlencker v. Risley, 3 Scam. 484, in actions of trespass:   That where an officer justifies the taking of property by virtue of an execution, he must prove himself an officer *de jure.*   We are bound by the decision in the 72 Ill., and hold that as the appellee failed to make such proof, in no event can the judgment be sustained.

The judgment of the court below will be reversed and the cause remanded.

Judgment reversed.