# THE HOME INSURANCE COMPANY
## v.
## PATRICK H. TIERNEY.

*Municipal Corporation—Ordinance— Boiler Inspector— Recovery of Fees of.*

1.   Where a person sues or defends in his own right as a public officer, it is not enough that it shall appear that he is an officer *de facto*. It must also be made to appear that he is an officer *de jure*.

2.   In an action brought by an alleged boiler inspector of the city of Chicago, to recover fees alleged to be due, the testimony of such person that he is such inspector, should not be admitted. His appointment as inspector should appear by the production of evidence showing that the same was in conformity with the ordinance relating to the inspection of steam boilers.

[Opinion filed January 27, 1893.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. VALLETTE & GRIFFEN, for appellant.

No appearance for appellee.

MR. JUSTICE SHEPARD. The appellee (plaintiff below)

brought suit to recover for fees claimed to be due him as boiler inspector of the city of Chicago, for the inspection of some boilers belonging to the appellant, and this appeal is from a judgment rendered in his favor.

On the trial, appellee testified against objection by appellant that it was not the best evidence, that he was boiler inspector of the city of Chicago on March 24, 1891, that two of the boilers were inspected on that day, and that the others were inspected in February. There was no evidence offered that he was boiler inspector in February.

The appellee introduced in evidence the ordinances of the city of Chicago, relating to the inspection of steam boilers, from which it appears that a boiler inspector shall be appointed by the mayor, by, and with, the advice and consent of the city council. The ordinance fixes the fees of the inspector, and prescribes his duties, among which is one that he shall "on the written application of the owner or agent of any boiler," etc., inspect the same. The ordinances further make it the duty of every owner of a boiler to have the same inspected as often as once in each year, and to make therefor an application in writing to the inspector, requesting him to inspect the same, and affix a penalty upon every owner who shall neglect his duty in that regard. It appeared on cross-examination of the appellee, that no written application was made to him to make the inspection for which he claimed fees.

At the conclusion of plaintiff's case, the appellant moved the court to instruct the jury to find for the defendant, for the reasons that no legal proof of the official character of the plaintiff had been made, and that it appeared that no application in writing, for the inspection, had been made, as required by the ordinances. But the court refused to so instruct the jury, and exception to the ruling was duly taken.

The law is well settled that where a person sues or defends in his own right as a public officer, it is not enough that it shall appear that he is an officer de facto. It must also be made to appear that he is an officer de jure. Outhouse v. Allen, 72 Ill. 529; Vaughn v. Owens, 21 Ill. App.

602     APPELLATE COURTS OF ILLINOIS.

VOL. 47.]     Kadish v. Garden City Loan & Bldg. Ass'n.

249; People v. Weber, 89 Ill. 347; People v. Weber, 86 Ill. 283.

It is said in People v. Hopkinson, 1 Denio, 574, " Clearly, he can not recover fees, or set up any right of property, on the ground that he is an officer *de facto,* unless he be also an officer *de jure,*" and a large number of cases are cited in support of the statement.

In the case at bar, the only right in appellee to recover the fees claimed, rested upon the fact of his being a legally appointed inspector under the ordinances of the city.

His testimony that he was such inspector, was improperly admitted. He should have been required to show his appointment as inspector, by the production of evidence of his appointment by the mayor, and the consent of the city council thereto, as provided by the ordinance.

Having failed to introduce such evidence, his right to recover was not shown.

The appellee not having filed a brief in this court, we do not decide any other of the questions involved.

The judgment of the Circuit Court will, for the reason given, be reversed and the cause remanded.

*Reversed and remanded.*