*(Supreme Court of Illinois.)*

**People of the State of Illinois ex rel. John Koelling**

**vs.**

**John C. Cannon, Thomas F. Judge and Abel A. Bach, Constituting the Board of Election Commissioners of the City of Chicago and Isaac N. Powell, Chief Clerk of said Board.**

(March 31, 1908.)

1. MANDAMUS—NATURE OF REMEDY UNDER ILLINOIS STATUTES. Under the Illinois statutes, mandamus is no longer a prerogative but is nothing more than an ordinary action at law where it is the appropriate remedy.

2. APPEAL—PERFECTION OF—STAY OF PROCEEDING—NECESSITY OF BOND. Where a bond is required in order to perfect an appeal, the proceedings in the lower court are not stayed until the bond is filed. The filing of a bond is a necessary part of the proceedure in perfecting an appeal.

3. APPEAL—PERFECTION OF UNDER SECTION 98 OF PRACTICE ACT—NEGESSITY OF BOND—STAY OF PROCEEDINGS. Where appellant is

of the class mentioned in section 98 of the practice act, the giving of a bond is not essential to perfect his appeal and the proceedings are stayed without him giving the same.

4. MANDAMUS—GRANTING OF WRIT—EFFECT OF APPEAL. Where a writ of mandamus has been granted, the perfection of an appeal suspends the force of the judgment the same as in any ordinary action at law and stays all proceedings until the appeal is decided.

Motion, appellants (respondents below) for a supersedeas. Heard before Judge Orrin N. Carter, of the Supreme Court in chambers at Chicago. The facts are stated in the opinion.

*Walter L. Fisher* and *Frank D. Ayers*, for appellants (respondents below).

*Levy Mayer* and *Harry Rubens*, for appellee (petitioner below).

CARTER, J.:—

A petition was filed in the circuit court of Cook county to compel the election commissioners to print a certain question on the ballot for the coming April election. After a hearing the court granted the prayer of the petition, and from that decision an appeal has been perfected to the supreme court of the state. The respondents have presented a motion that a writ of supersedeas be issued on this appeal under section 98 of the Practice Act.

At the threshold I am met with the question whether the perfecting of the appeal operates as a stay of the proceedings in the lower court. If it does, then it is unnecessary to hear the other questions involved, for no matter what action I might finally take on the question of the supersedeas, all parties would not be legally bound to follow the finding. Generally speaking, it is unwise for any court to attempt to decide a moot question.

I have given the subject as to whether the appeal in this case operates as a stay as thorough and careful an examination as the limited time would permit.

Section 10 of chapter 87, Hurd's Statutes, 1905, p. 1351, states that appeals and writs of error in *mandamus* are taken

and prosecuted in the same manner, upon the same terms and with like effect as in other civil cases. Since this statute was enacted it has been frequently decided that the writ of *mandamus* is not now, as formerly, a prerogative writ, but under the statute it is nothing more than an ordinary action at law in cases where it is the appropriate remedy, and that it is governed by the same rules of pleading as are applicable to any other actions at law. *People v. Weber,* 86 Ill. 283; *Dement v. Rohker,* 126 Ill. 174; *People v. Crabb,* 156 Ill. 155; *People v. City of Chicago,* 193 Ill. 507; *People v. Board of Trade,* 193 Ill. 577.

The better considered doctrine now is that the writ in the United States has lost its prerogative aspect, and is to be regarded much in the nature of an ordinary action between the parties, and as a writ of right to the extent to which the party agreed shows himself entitled to this particular species of relief. High on Extraordinary Legal Remedies, 3rd ed. sec. 4.

"It is equally well settled," said Chief Justice Taney, of the United States supreme court in *Commonwealth v. Dennison,* 24 Howard, 66, 97, "that a *mandamus* in modern practice is nothing more than an action at law between the parties, and is not now regarded as a prerogative writ. It undoubtedly came into use by virtue of the prerogative power of the English Crown, and was subject to regulations and rules which have long since been disused. But the right to the writ, and the power to issue it, has ceased to depend upon any prerogative power, and it is now regarded as an ordinary process in cases to which it is applicable."

To the same effect is Merrill on Mandamus, sec. 309; 2 Spelling on Extraordinary Remedies, 2nd ed., par. 1713; Elliott on Appellate Procedure, sec. 394.

The hurried examination I have been able to give the authorities cited by these text writers leads me to believe that the general trend of decisions by the various state courts of last resort in this country, especially where the statute is anything like our own, is substantially to the same effect.

Where the lower court, under the statute and by an order requires a bond to be filed in order to perfect an appeal to the supreme or appellate court, the proceedings in the lower court will not be stayed until the bond has been filed. *Simpson v. Alexander*, 10 Ill. 260; *Blackerby v. People*, 10 Ill. 266; *Reynolds v. Perry*, 11 Ill. 534.

But the reasoning of those decisions is all to the effect that the filing of the appeal bond is a necessary part of the procedure in perfecting the appeal.

In this proceeding it seems to be admitted that under sec. 98 of the Practice Act respondents are not required to file a bond. *Holmes v. City of Mattoon*, 111 Ill. 27.

They have taken all the steps required of them by law to perfect the appeal.

In *Cowan v. Curran*, 216 Ill. 598, the court said, page 623: "When an appeal is perfected, the jurisdiction and control of the court below cease, and the appeal becomes a stay of all proceedings to enforce the execution of the judgment or decree."

To the same effect is *Oakes v. Williams*, 107 Ill. 154; *Shirk v. Gravel Road Co.*, 110 Ill. 661; *Smith v. Chytraus*, 152 Ill. 664.

- See also on this subject *Perteet v. People*, 70 Ill. 171.

Unless *mandamus* is different from an ordinary law proceeding in this state, then under these authorities it seems quite evident that the appeal must act as a stay of the proceedings in the trial court.

In discussing whether an appeal from a writ of injunction has the effect of suspending the writ pending the appeal, it is stated in High on Injunctions, 4th, ed., sec. 1698a that in prohibitory injunctions the court which granted the writ has the power, pending the appeal to punish for its violation, but that this is true only in that class of injunctions; but where the decree appealed from grants a mandatory injunction or one which, although prohibitory in form, is mandatory in substance, the rule is equally as well established that the perfecting of an appeal from the final decree

will have the effect of suspending the operation of the injunction during the pendency of the appeal, and in such case the court is without jurisdiction to punish the defendant against whom the injunction runs for failure to perform the acts required by the writ.

In discussing this same question in *Barnes v. Chicago Typographical Union*, 232 Ill. 402, it is stated: ''There are judgments and decrees which require something to be done for their enforcement and there are others which are simply prohibitory or self-executing, and others partake of the nature of both. A prohibitory decree which does not require anything to be done is self-executing. It requires no process, but by force of the decree itself the party is bound to desist from the prohibited act. If an injunction is of a mandatory character, requiring something to be done, or if negative in terms but with the same effect, a proceeding for contempt in refusing to obey it is in the nature of an execution to enforce the command.''

An appeal would stay any such proceeding, while it would have no such effect with respect to the power of the court to compel obedience to a self executing decree. *Mandamus* is very similar in effect to a mandatory injunction, one being a common law and the other a chancery proceeding. 26 Am. & Eng. Ency. 143 and cases cited.

The writ of *mandamus* in this case is not self executing. It requires the issuing and serving of process in execution of the judgment. Manifestly, under section 10 of our statute on *mandamus*, and the decisions heretofore cited, a *mandamus* proceeding is an ordinary action at law and is subject to review on writ of error or appeal as any other case. High on Extraordinary Legal Remedies, 3rd ed., sec. 4. 2 Spelling on Extraordinary Legal Remedies, 2nd ed., 1713.

Section 98 of the Practice Act is not in conflict with this conclusion.

I appreciate the grave importance of the questions involved in this proceeding. These controverted questions ought to be settled in such a manner that all interested, and

that means the entire community, would accept the settlement as final, not only for this election, but also for all actions in the future elections.

If the appeal in this case acts as a supersedeas, it would not be appropriate here to consider and decide what counsel have termed the merits of the question. If the appeal so operates, then the evils that counsel insist must grow out of the delay caused thereby, are questions that should be addressed to the legislature, and not to the courts. It is the duty of the judiciary to construe the law as they find it, and no public reason, however important, can justify a court in failing to follow the plain provisions of the law. If any other rule were to obtain, it would soon cause the construing of laws and the enforcement of judgments to be within the mere discretion of the judges. The rights and liberties of citizens cannot be made to depend for their security on the arbitrary will of any public official—and least of all the judiciary.

As Justice Story, of the United States supreme court said, in *United States v. Dickson*, 15 Pet. 141, 162: "It is not to be forgotten, that ours is a government of laws, and not of men; and that the Judicial Department has imposed upon it, by the Constitution, the solemn duty to interpret the laws, in the last resort; and however disagreeable that duty may be * * * it is not at liberty to surrender, or to waive it."

The evils that may arise from my undertaking to settle this subject on the merits, as a moot question, would be far greater than any that can arise from following what I believe to be the law.

The appeal is this case having been perfected, operates, in my judgment, as a supersedeas, and stays all proceedings until the appeal is decided.

In view of what has been said, any further action on my part would be futile and without justification.