## Frank Donaldson, Administrator, Appellee, v. Village of Dieterich, Appellant.

1. COLLATERAL ATTACK—*how title to office cannot be questioned.* While the title of a *de facto* village attorney may be questioned by *quo warranto*, it is not a proper subject of a collateral attack.

2. NOTICES—*when failure to comply with act concerning suits at law for personal injuries, bars recovery.* If such a notice as is required by the statute is not filed in the office of the *de facto* village attorney, a recovery against the village will not be sustained.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Effingham county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the March term, 1910. Reversed. Opinion filed August 5, 1910.

WOOD BROS. & RICKELMAN and S. F. GILMORE, for appellant.

R. C. HARRAH and ZIMMERMAN & RINEHART, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by Frank Donaldson, administrator of the estate of John Donaldson, deceased, to recover damages for the next of kin by reason of his death, alleged to have been caused by the negligence of the village of Dieterich, in the construction of a culvert across one of its streets.

It was clamed by appellee that on December 7, 1906, while said John Donaldson, then a man 78 years of age, was crossing said culvert, with a load of wood, the front wheel of the wagon on which he was riding, broke through the crust of earth over the tile composing the culvert, letting the wheel fall to the tile below and throwing him into a ravine by the side of the crossing and causing his death.

There was a verdict in favor of appellee for $500 followed by a judgment for the same amount.

Appellee filed a declaration in the usual form which was afterwards amended to allege that within six months of the date of the injury, appellee filed with the clerk of said village, a statement signed by him, setting forth the nature and character of the injuries of said deceased, the day and about the hour when, and the facts concerning the manner in which, the injury occurred and giving the residence of the deceased and stating that there was no city attorney of the said village of Dieterich at the time he filed said statement with said clerk. The question whether or not the village had an attorney was sharply contested by the respective parties and upon a solution of that question in his favor. depended in a large degree the right of plaintiff to recover.

It appeared from the proofs that one Charles A. Field, a resident of the village for nine years, had been acting as village attorney since 1904, down to and including November 7, 1907, that during all of said time he was recognized as village attorney by the village trustees and prosecuted of-

fenses against the village ordinance before the police magistrate. On the other hand it was shown that Field was not a licensed attorney; that he was not elected to the office of village attorney but was first appointed thereto by the village council, on May 2, 1904, and again appointed on May 6, 1907, and May 3, 1909. There was evidence also tending to show that he had neither taken the oath nor given the bond provided by law.

While Field's title to the office might have been successfully challenged by proceedings instituted in a proper manner, yet nevertheless he was undoubtedly the village attorney *de facto*. A *de facto* officer is distinguished on the one hand from a mere usurper of an office and on the other hand from an officer *de jure*. He is one who is in actual possession of an office under the claim and color of an election or appointment and is in the exercise of its functions in the discharge of its duties. In State ex rel. Corey v. Curtis, 9 Nev. 325, it is said 'in order to make a person an officer *de facto* the law requires that he should in some way be put into the office and that he should also have secured such a holding thereof as to be considered really in peaceable possession and actually exercising the functions of an officer.' " Waterman v. C. & I. R. R. Co., 139 Ill. 658.

"An officer *de facto* is defined to be one who has the reputation of being the officer he assumes to be in the exercise of the functions of the office, and yet is not a good officer in point of law. The official acts of such an officer are always regarded as worthy of full faith and credit." Barlow v. Standford, 82 Ill. 298.

The title of such officer cannot be inquired into or attacked in a collateral way. People v. Weber, 86 Ill. 283; Town of Lewiston v. Proctor, 23 id. 483; People v. Ham, 73 Ill. App. 533.

As Field was clearly and obviously the village attorney *de facto*, it was necessary for plaintiff as a condition precedent to a right of recovery, to file in his office the notice required by section 2 of the Act of 1905 concerning suits at law for personal injuries against cities, villages and towns.

In regard to such notices our supreme court has said in Walters v. City of Ottawa, 240 Ill. 259, "The giving of the notices required by the statute, has been made a condition precedent to the city's liability and constitutes an essential element of the plaintiff's cause of action. The statute expressly declares that if the required notice is not given, any suit brought shall be dismissed and the plaintiff barred from further suing. The city has no power to waive the notice and is under no liability until it is given."

There is no proof in the record nor is it claimed by appellee that the notice required by the statute, was ever filed in the office of Field, the *de facto* village attorney, and such being the case, appellee was not entitled to recover.

The judgment of the court below will be reversed.

*Reversed.*

Finding of facts to be incorporated in the judgment:

We find as ultimate facts that at the time of the occurrence of the injuries which resulted in the death of appellee's intestate, John Donaldson, and for more than six months thereafter, Charles A. Field was village attorney *de facto* of the said village of Dieterich and that no notice such as is required by section 2 of the Act of 1905, concerning suits at law for personal injuries against cities, villages and towns, was filed in the office of said city attorney within said six months.