ANDREW CUMMINGS *v.* OLIVER CLARK, ORRIN SMITH, SHEFFIELD HAYWARD, JR., AND ROBERT JOHNSON.

The refusal of a highway surveyor to execute a receipt for a tax bill, does not vacate his office.

The selectmen have no authority to make a new appointment to any town office, unless a vacancy occurs, in one of the modes specified in the statute.

A person not duly appointed to an office, cannot justify his acts on the ground that he was an officer, *de facto.*

CASES IN THE SUPREME COURT

Cummings
*v.*
Clark *et al.*

TRESPASS for a cow. Plea not guilty, with notice of special matter. Issue joined to the court.

The plaintiff, in support of the issue on his part, proved that he was the owner of the cow, and that the defendant Clark, by the direction of the other defendants, took and drove her away.

The defendants, in support of the issue on their part, proved that the said Orrin Smith, Sheffield Hayward, Jr. and Robert Johnson, were, at the annual March meeting in Berlin, in 1841, duly elected selectmen of said town; that, as such selectmen, they made out a legal highway tax bill for highway district No. 2, in said Berlin, and on the first day of June, A. D. 1841, presented the same, accompanied by a legal warrant for the collection of said tax, to Thomas Spear of said Berlin, who was, at the annual March meeting aforesaid, duly elected highway surveyor for said district No. 2, and requested him to receive said tax bill and warrant and give his receipt for the tax bill; that the said Spear refused to receive said tax bill and give his receipt therefor, but offered to receive it without giving a receipt; that the selectmen aforesaid refused to deliver him the said tax bill, unless he would receipt it. It appeared that the plaintiff was an inhabitant of said Berlin, and resided within the limits of said highway district No. 2, and was taxed on the said tax bill, the sum of $ ————. The defendants, in further support of said issue on their part, proved that said selectmen on the 3d day of June, A. D. 1841, adjudged that the refusal of the said Spear to receive said tax bill, and give his receipt therefor, created a vacancy in said office of highway surveyor, and made a temporary appointment of the defendant, Oliver Clark, of said Berlin, and an inhabitant of said highway district No. 2, to fill said vacancy; and said appointment was duly recorded in the town Clerk's office in said Berlin on the said 3d day of June, A. D. 1841. The defendants further proved that the said Clark accepted said appointment, and received said tax bill and warrant and gave his receipt therefor, and proceeded, as the law directs, in the collection of said tax; that the plaintiff refused to pay his said tax, and the said Clark, by virtue of his said warrant, distrained the cow described in the plaintiff's declaration, and sold her at public vendue for the payment of said tax. The defendants

further proved that said Clark proceeded in all things as the law directs, in distraining, and disposing of said cow.

It was further proved by the plaintiff, that the said Thomas Spear accepted the office of highway surveyor of said district No. 2, and was duly sworn.

Upon these facts, the court decided that the plaintiff was entitled to recover the value of the cow, and adjudged that he recover of the defendants the sum of $26.12 damages and his costs; to which decision the defendants excepted.

*W. Upham,* for defendants.

1. The selectmen of Berlin acted judicially in adjudging the office of highway surveyor for district No. 2, vacant ; and the validity of their "temporary appointment" cannot be called in question here. *Vide* statute, p. 88, sec. 20, 21; *The King* v. *Forrest et. al.,* 3, Ter. 38, 40 ; *The King* v. *Inh. of Hamstoll,* 3 Ter. 380.

By the 21st sec. of the statute, the selectmen are authorised to fill a vacancy in the office of highway surveyor, by a "temporary appointment," which is to become a matter of record in the town clerk's office. Such vacancy, the statute says, may happen by insanity ; consequently the selectmen must decide upon the question of insanity ; and in making the decision they act judicially, and their proceedings cannot be impeached, or called in question, in this collateral manner. *Groenvot* v. *Burvell,* 1 Salk. R. 396 ; *Harman* v. *Tappenden et. al.* 1 East. R. 556 ; *Drewe* v. *Coulton,* id. 563, n. *a* ; *Strickland* v. *Ward,* 7 Ter. R. 633, n. *a* ; *Mather* v. *Hood,* 8 Johns. R. 50 ; *Jenkins* v. *Waldron,* 11 Johns. R. 114 ; *Bigelow* v. *Stearns,* 19 Johns. R. 39 ; *Yates* v. *Lansing,* 5 Johns. R. 282 ; 9 do. 395. We do not contend that the selectmen of a town are clothed with any general judicial authority ; but in some things, we insist, they act judicially; and while they so act, are not responsible for errors of judgment ; and their proceedings are as conclusive as the proceedings of courts of record. *Henderson* v. *Brown* 1 Caine's R. 92, 102 ; *Wickwire* v. *Bryan,* 11 Wend. R. 545 ; do. 90 ; *Tompkins* v. *Smith,* 8 Wend. R. 462.

2. If the selectmen erred in the exercise of their powers, their proceedings are not void, but voidable ; and being only voidable, the defendants can justify under them. *Horton* v.

*Archmoody*, 7 Wend. R. 200; *Butler* v. *Potter*, 17 Johns. R. 145.

Again : the doings of an officer who is *de facto* such, are good, and his right to exercise the duties of the office can only be inquired into, on *quo warranto*. *Rex* v. *Carter*, 1 Cowp. 220 ; *Buckman* v. *Ruggles*, 15 Mass. R. 180 ; 7 Comyn's Dig. 190, 191, (A) ; 1 Swifts Dig. 167.

3. The selectmen, we insist, were right in making the " temporary appointment," inasmuch as Spear refused to receive the tax-bill and give his receipt for it. Stat. 135 § 6.

*L. B. Peck*, for plaintiff.

I. There was no vacancy in the office, in the case in question. *Spear* was appointed surveyor by the town, at its March meeting, and accepted the trust. His refusal to give a receipt for the tax bill did not create a vacancy in the office. The statute which provides that the surveyor shall give a receipt is merely *directory*. (R. S. p. 136 sec. 6.) The same section requires that the selectmen shall deliver the taxbills to the several surveyors by the first day of May ; and there would be the same force in the argument that the office of the selectmen was vacant, or that the surveyor was not bound to receive the taxbill, because they had omitted to deliver it by the time designated, as there is in the position assumed, that Spear's refusal to execute a receipt created a vacancy in his office. A mere *neglect* of some official duty, in no case, makes a vacancy in the office, unless there is some statute declaring it such ; and it is not claimed that there is any such statute in the case at bar. The 20th sec. of the 13 ch. R. S. provides that non-acceptance, death, removal, insanity or other disability of the person chosen to office, shall constitute a *vacancy* ; and the 21st sec. of the same chap. which authorises selectmen to fill *vacancies* in certain offices, must have reference to *vacancies* created in the manner mentioned in this preceding section ; which excludes all ground for holding that the refusal of Spear, in the present case, created a vacancy.

II. The proceedings of the selectmen in the appointment of *Clark* are not conclusive. They acted *ministerially*, and could only act in case of a vacancy. Whether there was a vacancy, within the meaning of the statute, was a question of

law, and their decision on the matter is no more *conclusive* <span>WASHINGTON, *March,* 1843.</span> than would be the decision of jail commissioners that notice to a creditor, in a given case, was not necessary.    *Beardsley v. Knight,* 4 Vt. R. 471.

<span>Cummings *v.* Clark *et al.*</span>

The opinion of the court was delivered by

REDFIELD, J.— 1. The first question in this case is, whether the refusal of a highway surveyor to execute a receipt for a tax bill, offered to him for collection, by the selectmen, is, *ipso facto,* a vacating of the office. We think it is not. Such refusal is, at most, the omission by such officer of a prescribed duty. The statute does not, in terms, visit any such consequence, as that contended for, upon the act complained of. To give it that effect, by construction, would be to adopt a principle, which, in practice, would render it necessary to fill most offices many times over, before the legal time appointed for a new election by the people.

2. Had the selectmen a judicial discretion in determining when they might make a new appointment? They doubtless, to some extent, had a discretion in the matter; for instance, in selecting a suitable person to fill any vacancy, which might occur. But we think a vacancy must have occurred in order to give them any jurisdiction of the matter. This vacancy must have occurred in one of the modes pointed out in the 20th section; " from non-acceptance, death, removal, insanity, or other disability." Now it cannot be contended that the present case comes under any of the terms used, unless it be the last, and it would not seem to require argument to show that the omission complained of, in this case, constitutes no disability to perform the functions of the office, in any such sense as that term is used in the statute. " Other disability " must import such like disability as had been before enumerated — that is, such as wholly vacated the office and left it the same as if there had been no appointment. In the present case no such vacancy had occurred ; and, by consequence, the selectmen had no power to make an appointment, and their proceedings are irregular and void.

3. It is said the collector, or surveyor, was an officer *de facto,* and, therefore, his acts are valid. This may be true, so far as third persons are concerned, but not when the offi-

WASHINGTON,
March,
1843.

cer himself, or those under whose authority he was appoint ed and put in motion, are called to justify his proceedings. They must show his right to exercise the functions of the office.

Judgment affirmed.