## GOURLEY *v.* HANKINS.

In relation to officers, civil and criminal, when the question arises between third parties, parol evidence is admissible to show that they *were* officers at a given time, and perhaps, to show that they acted as such.

As between third persons, when the question is, whether a person doing an act was an officer, it is sufficient to show him to be such *de facto* ; and it is not required of the party claiming or justifying under the act of the officer, to prove that he was such, by the highest and best evidence.

The highest and best evidence is required only, when the officer himself is a party, and he justifies or claims by virtue of his office.

The effect of the statute, entitled "An act to repeal an act to authorize the appointment of a county agent in and for the county of Johnson," approved February 24, 1847, was only to appoint the clerk of the board of county commissioners as agent of the county, for selling lots and making deeds.

The clerk does not perform these acts as clerk, but as agent.

The repeal of the act entitled "An act to authorize the appointment of a county agent in and for the county of Johnson," approved February 16, 1842, by the act approved February 24, 1847, did not remit the clerk of the board of county commissioners to the general act, entitled "An act to authorize boards of commissioners to appoint agents to dispose of real estate," approved February 17, 1842, for his powers and duties; but he still derives those powers from, and finds those duties defined in, the act of February 16, 1842.

The repeal of the act of February 16, 1842, by the act of February 24, 1847, must be construed as a repeal of the former act, so far as it gave the power to appoint a county agent, but not so far as it conferred authority upon the agent.

The repeal is in effect, a repeal of the act of February 16, 1842, *saving* certain rights or powers under it.

And where in an action of right, the defendant, to prove title in himself to the premises, offered in evidence a deed, purporting to have been executed by the county of Johnson, concluded and signed as follows: "In testimony whereof, I, Stephen B. Gardner, agent of the county of Johnson, in the state of Iowa, have hereunto set my name, this 9th day of February, A. D. 1848. Stephen B. Gardner, agent of J. C.," and offered to prove by parol testimony, that said Gardner, at the time of the, execution of said deed, was clerk of the board of county commissioners of Johnson county, which testimony was rejected, and the court refused to admit the deed in evidence ; *Held,* 1.   That the oral testimony offered, as well as the deed, were improperly rejected.   2. That the parol testimony offered, did not tend to change or alter the deed.   3. That the agent had power, under the act of February 16, 1842, to make the deed.

The rule that the elder title from government must prevail, holds in relation to the government only, where the doctrine of notice does not apply.

*Appeal from the Johnson District Court.*

THIS is an action of right, brought to recover lot number three, in block number twenty-seven, in that part of Iowa City, laid off by the commissioners of Johnson county, as the county seat of said county. The plaintiff claims, under a deed from the said county, dated August 4, 1843, and executed by "Fernando H. Lee, agent of Johnson county." This was done under the act of 16th of February, 1842 (Stat. 1841–42, 62), authorizing the appointment of a county agent in and for the county of Johnson. On the 17th of February, 1842, a *general* act passed, authorizing the board of commissioners of counties to appoint agents to dispose of the real estate of the counties. Stat. 1841–42, 89, Rev. Stat. 66.

By an act of February 24, 1847 (Stat. 1846–7, 124), the special act of February 16, 1842, is repealed. This repealing act is as follows: "Section 1. That the clerk of the county commissioners' court of Johnson county, be, and he is hereby authorized to perform all the duties heretofore enjoined upon the county agent. Section 2. That an act to authorize the appointment of a county agent in and for the county of Johnson, be, and the same is hereby, repealed."

The defendant claims, under a deed, purporting to be of the county, conveying the same lot, dated 9th of February, 1848, concluded and signed as follows: "In testimony whereof, I, Stephen B. Gardner, agent of the county of Johnson, in the state of Iowa, have hereunto set my name, this ninth day of February, A. D. 1848.

"STEPHEN B. GARDNER,
Agent of J. C."

On the trial, defendant offered this deed in evidence, and with it, parol proof, that Gardner was clerk of the county commissioners' court, at the time of the execution of the deed. This evidence, and the deed, were rejected by the court, which ruling is assigned for error.

*W. Penn. Clarke*, for the appellant.

*J. D. Templin*, for the appellee.

WOODWARD, J.—The evidence offered, to show that Gardner was clerk of the commissioners' court, was competent, and should have been received. *Van Ness* v. *Bank U. S.*, 13 Pet. 21 ; *Shults* v. *Moore*, 1 McLean, 520, recognizing the foregoing case. *The People* v. *Ammons*, 5 Gilm. 105.

The term "parol evidence," as used in the bill of exceptions, is assumed to mean oral evidence, as this is the ordinary sense in which it is used, although some of the books, and some of the writers on evidence, use the word parol in its broader sense, as well when speaking of evidence, as when speaking of contracts. This evidence is allowed in relation to *officers*, civil and municipal, to show that they *were* officers at a given time, and, perhaps, to show that they acted as such. And the same has been done in relation to an officer of a corporation. *Mechanics' Bank of Alexandria* v. *Bank of Columbia*, 5 Wheat. 326. This practice, however, is limited to cases where the question arises between third persons And it is familiar to every lawyer, where an act has been done, which could be done by an officer only, or by a *certain* officer, to show that the person doing this act was such officer, and to show, by oral evidence, that he was an officer *de facto*. 1 Phil. Ev. 432 ; 3 Ib. 449, notes 280, 281. As between third persons, when the question arises, whether a person doing an act was an officer, it is sufficient to show him to be such *de facto ;* and it is not required of the person claiming or justifying under the act of the officer, to show that he was such, by the highest and best evidence. This is required when the officer himself is a party, and he justifies, or claims, by virtue of his office.

It is difficult to perceive, why this principle does not apply to the case before us. Gardner has done an act which is valid, if done by the clerk, and which could be done only by the person holding that office. And why

should it not be shown, that he was the clerk? The whole deed runs in the name of the county, and shows that it is the county who sells; and can it be true, that the party must lose his property, because the agent has omitted to add to his name, the description of office, when he was, in fact, such officer? But it is argued, that the evidence offered, tends to change, or alter a written instrument. The rule above commented on, answers this in part, at least. The evidence is, to show that Gardner was an officer—the clerk. The contract is by the county, and the clerk was the person authorized to execute it. Does this, in fact, tend to change, or alter the contract? It seems, on the other hand, only to perfect it. If it were a private contract, on which, by possibility, Gardner might be charged, he, at least, could not offer such evidence, however it might be with a third person. But it professes, on its face, to be the contract of the county, and Gardner professes to be but an agent. It is sought to show, by the evidence, that he was the person upon whom the law conferred the agency. The case is not, then, within the rule relating to private contracts executed by an agent, and where the agent's own liability might arise. It is a question of authority only, in the person executing it as agent, and evidence of an agent's authority, is always admissible. If it were a private contract, on which the question was, whether he or his principal was liable, it would be a different matter. 1 Am. Lead. Cases, 603, in note; *Harkins* v. *Edwards & Turner*, 1 Iowa, 426.

Perhaps, however, the argument is intended to apply in this form: that having signed as *agent*, it cannot be shown that he was *clerk*, nor be claimed that he executed it as clerk. This thought has no weight. It is not pretended but that this act was, at least, an *attempt* to exercise the power given by the acts named in the statement. And the case contains sufficient to show, that such was the transaction. His styling himself agent, does not negative the idea that he may have been clerk, nor that he did the act in his capacity of clerk. The two things are not inconsistent. He *was* an agent, call him what else you will. The county *clerk* was

Gourley v. Hankins.

the county *agent*. He was made so by the law. It has probably been thought that, as the law repealed the authority to appoint an agent, and devolved his powers and duties upon the clerk, he must necessarily style himself clerk, and cannot style himself agent; that the calling himself agent is, as it were, putting himself upon the repealed act as county agent by appointment. But this is not so. The effect of the statute is only to appoint the clerk as agent. And though it is certainly, by far the better mode, as this case teaches, to show upon the face of the deed that he is the proper officer, as that would constitute *prima facie* evidence; yet there is no legal difficulty in the way of permitting that proof to be made in another manner. And farther, is not this deed good on its face? The court is much inclined to regard it so. We have said that the effect of the statute was only to appoint the clerk as agent. Strictly speaking, he does not perform the act as clerk, but as agent, for this was no part of the duty of county clerks, as clerks. He really acts as agent, in this, and he so styles himself. Now, why is not this as good *prima facie* proof that he was such, as the similar manner of signature of Fernando H. Lee, in the plaintiff's deed. But we will not put the case upon this, as the other ground is sufficient.

Since he has not expressed his office, it may be shown *aliunde*, and then the presumption will be, that he executed it *as* such officer; and the same presumption would hold, if he had not added the words " agent of J. C." See 13 Pet. *ut supra*. The danger to our titles and property, apprehended by the plaintiff's counsel, does not exist. In the case put by him, of a deed purporting to be from the state, and signed by the *name* only, of the governor, without the addition of his office, it would undoubtedly be good, and his office might be shown by other proper evidence. Patents signed by the president of the United States do not express his office fully. They are usually, " By the President, Z. Taylor." President of what? His act of signing does not show. But in this instance, the president of the time supposed, is judicially recognized. This judicial cognizance,

however, in relation to some high officers, holds the same place with proof as to others, who are not judicially known. But the better way is, always to affix the office, as the paper then carries the proof on its face.

But it is urged, that if the court erred in rejecting this evidence, it was an error that did not prejudice the defendant, because he cannot hold under the deed in any event, and therefore the error cannot avail him here. It is said that Gardner, even as such clerk, could not make the deed and convey the property. We will examine this proposition. The argument is thus: that by the special act of February 16, 1842, the agent of Johnson county could make the deeds, but that by the general act of February 17, 1842, the agent could not make them; that by the act of 1847, repealing the special act of February 16, the clerk is remitted to the general act of February 17, for his powers, and consequently could not make the deed, but that it must be made by the county commissioners. If the agent or clerk is thus remitted to the above general act for his power, this argument is a valid one. And probably the result of the cause, depends upon this point. It must be noticed that under the above special act, the powers and duties of the agent of Johnson county, are more numerous and extensive than those of agents appointed under the general act. He is to have the possession and control of all moneys, bonds, notes, and other papers arising from, or belonging to, the sale of the lots of the county, and the treasurer is to pass these over to him; he is to collect the moneys arising from the sales, and pay over on orders from the county commissioners; he is to take all notes and obligations for the sale of county property, in the name of himself and his successor in office; he is to make title bonds and execute deeds, and to execute deeds on bonds before given by the board of commissioners. Under the general act, the agent makes the contract, and gives a certificate only, and when the payment is made, the board of commissioners make the deed. By the repealing act of 1847, the clerk is authorized to perform *all* the duties heretofore enjoined upon the county agent. There is, perhaps,

Gourley v. Hankins.

some force in the words, *the county agent.* It is not "*heretofore enjoined upon county agents,*" but upon *the* county *agent.* But the principal argument lies in the difference of authority conferred by the two acts, and in the fact that the repealing act, does not transfer these *other* powers to any other officer. We are inclined to the opinion, therefore, that the clerk is not remitted to the act of February 17, for his powers, but still finds them in that of February 16, when he makes the deed, and consequently, that he had the power to make it. The repeal must be construed as a repeal of the act, so far as it gave the power to appoint an agent, but not so far as it conferred authority upon the agent. Under the other view, the clerk could not "perform all the duties heretofore enjoined upon the county agent." This is the same thing, in effect, though in different terms, as the repeal of an act, *saving* certain rights or powers under it. Thus, the crimes act of 1839, was repealed by that of 1843, saving the power to punish crimes committed under the first. This was an absolute *repeal* of the *whole act*, and yet it *saved* the above power. In the case at bar, it was a repeal of the county agent (so to speak), as a distinct officer, and placing the same powers and duties upon another.

We have viewed the case strictly with reference to the manner in which it is presented *to us*, and with reference to the errors assigned; the second of which, relates to the rejection of the evidence of Gardner being clerk, and the first of which, is on the rejection of the deed. This rejection of the deed, we take to have been for the reason, that Gardner does not appear upon it, to have been clerk, and we adjudicate it upon no other. Evidence being admitted that Gardner was clerk, then, *quoad hoc,* the deed is admissible.

The rule that the elder title from government, must prevail, does not apply. It holds in relation to the government only, where the doctrine of notice does not prevail.

The argument of plaintiff's counsel, that the bill should show that this was all the evidence, is fallacious, and has no place in the present attitude of the cause. This was one step in the defendant's evidence, and an important step.

Being stopped here, he is not obliged to go farther, and cannot, until this is settled.

The judgment of the District Court is reversed, and a writ of *procedendo* will issue, directing that court to proceed in the cause, in a manner consistent with this opinion.