## MILLER vs. CALLAWAY.

OFFICER DE FACTO: *How far his official acts valid.*

> The acts of an officer *de facto* only, are, when they concern the public or third persons having an interest in the act done, valid, and cannot be collaterally called in question; yet it is also well settled that a mere color of title to the office does not avail as a protection to him in an action against him for trespass to person or property, and that his acts, so far as he is himself concerned, are invalid.

APPEAL from *Clark* Circuit Court.

Hon. L. J. JOYNER, Circuit Judge.

*Coleman* and *Curran*, for appellant.

HARRISON, J.:

This was an action of replevin by appellant, J. W. Miller, against appellee, J. M. Callaway, for a stock of goods.

The answer of the defendant was: That the goods were levied on and seized by him as constable of Caddo township as the property of Dan. E. Jones, in whose possession he found them, to satisfy an execution in his hands, issued by James A. Callaway, a justice of the peace of said township, upon a judgment recovered by R. Beauchamp against said Jones.

Miller vs. Callaway.

The plaintiff proved that the goods were sold and conveyed to him by Jones, by a deed in trust for said Jones' creditors on the 18th day of April, 1876, and that the deed was recorded on the 13th day of May, 1876.

The defendant read in evidence the execution, which bore date the 18th of April, 1876, and the return and other indorsements thereon, by which it appeared that the execution came to the defendant's hands on the day of its date; that it was returned for renewal on the 18th day of May, 1876, and was the same day renewed by the justice for twelve months, and that it was on the 19th day of May, 1876, levied by him on the stock of goods as Jones' property, and he testified that the goods mentioned in the return were the goods in controversy.

The plaintiff then offered to prove that the defendant had never been elected or appointed to the office of constable of said township, and therefore had no authority to make the levy, but the court refused to suffer him to do so, and it is upon this ruling of the court the only question for our consideration arises.

That the acts of an officer *de facto* only, when they concern the public or third persons having an interest in the acts done, are valid and cannot be collaterally called in question, is a recognized and well settled doctrine of the law; yet it is also as well settled that a mere color of title to the office does not avail as a protection to him in actions against him for trespasses on person or property, and that his acts, so far as he is himself concerned, are invalid. *Patterson* v. *Miller*, 2 Met. (Ky.), 493; *Rodman* v. *Harcourt*, 4 B. Mon., 229; *The People* v. *Hopson*, 1 Denio, 574; *Green* v. *Burke*, 23 Wend., 490; *Riddle* v. *Commissioners, etc.*, 7 Serg. & Rawle, 386; *Keyser* v. *Commissioners, etc.*, 2 Rawle, 139; *Fowler* v. *Beebe*, 9 Mass., 231.

The distinction is very clearly exemplified in the case of *Patterson* v. *Miller*, above cited, the following statement of which is taken at length from the report of the same:

Miller vs. Callaway.

"The plaintiff stated in his petition that the defendant Miller, pretending to be the sheriff of Russell County, when in reality he was not the constitutional sheriff of that county, unlawfully and without authority took into his possession, and sold a sorrel mare, the property of the plaintiff, and that the defendant Haynes purchased said mare at the aforesaid illegal sale, and converted her to his own use.

The defendant Miller averred in his answer that he was the sheriff of Russell County duly elected and qualified according to law; and as such seized the property in the petition mentioned, and made sale thereof, under and by virtue of two executions which issued from the office of the presiding judge of the Russell County Court, and were placed in his hands for collection.

And the defendant Haynes in his answer admitted that he had purchased the property as sold, and insisted he had a right to make the purchase, as the property was sold under execution by a person who was acting as sheriff of the county.

The defendant Miller read as evidence upon the trial the certificate of his election as the sheriff of Russell County, and the records of the County Court, by which it appeared that he had qualified and executed an official bond as sheriff according to law.

The plaintiff then offered to prove that Miller was not a resident of Russell County at the time he was elected; but was then and still was a resident of Adair County.

The testimony was rejected by the court on the ground that the certificate of the examining board was conclusive evidence, not only of Miller's election as sheriff, but also of his eligibility to the office."

The Court of Appeals held that the rule was sufficient to protect Haynes, the purchaser of the mare; but that the testimony offered by the plaintiff was admissible against Miller to show that he was a trespasser.

Little Rock and Ft. Smith R. R. Co. vs. Hall.

The court below should have permitted the plaintiff to make the proof he offered, and for its error in refusing to allow him to do so, the judgment is reversed and the cause remanded to it, with instructions to grant the plaintiff a new trial.