JAMES A. SHORT *vs.* CALEB T. SYMMES.

Worcester.        October 1, 1889. — December 2, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Arrest — Police Officer de Facto and de Jure — False Imprisonment.*

A person who assumes to arrest another for a crime, and attempts to justify such arrest as properly done by him as a police officer, must show not merely that he was an officer *de facto*, but that he was duly and legally qualified to act as such officer.

In an action for false imprisonment, where the defendant justified his arrest of the plaintiff on the ground that it was properly made by him as a police officer, there was evidence that he met the plaintiff, and said to him, "I am a police

───────

officer, and I arrest you" for an offence named by him, and that he made a return upon a warrant issued upon a complaint subsequently made by him against the plaintiff for that offence, which return recited the arrest, and was signed by him as a police officer. *Held,* that there was no evidence sufficient to warrant a finding that the defendant was a police officer.

TORT for assault and false imprisonment. The defendant justified on the ground that, as a police officer of the town of Lancaster, he lawfully arrested the plaintiff for the crime of voluntary drunkenness and in a public place. Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows.

The defendant testified that, on February 19, 1888, he met the plaintiff, and said to him, "I am a police officer, and I arrest you for disturbing a religious meeting and for drunkenness." The defendant introduced in evidence the record of the plaintiff's trial, conviction, and sentence on a complaint for drunkenness, made by the defendant on the morning after the alleged arrest, before a district court. There was a return on the back of the warrant issued on the complaint, purporting to show an arrest of the plaintiff by the defendant by virtue of the warrant, which return was signed by the defendant as a police officer of the town of Lancaster.

The plaintiff, at the conclusion of the evidence, called attention to the absence of any record, or other competent evidence, to show that the defendant was an officer. The defendant then called attention to the above evidence, and to the return on the warrant, which he then read. There was no further evidence of the defendant's authority, or that he ever acted as an officer, except in making the alleged arrest and the complaint.

The judge thereupon ruled, as requested by the plaintiff, that there was not sufficient evidence to warrant the jury in finding that the defendant was a police officer, as alleged.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. S. B. Hopkins,* for the defendant.

*J. W. Corcoran,* for the plaintiff.

C. ALLEN, J. If one who has assumed to interfere with the person or property of another is sued therefor, and attempts to justify his act on the ground that it was properly done by him

as a public officer, it is for him to show, not merely that he was an officer *de facto*, but that he was duly and legally qualified to act as such officer. This has been intimated heretofore by this court, in cases where the question was not directly presented; *Fowler* v. *Bebee*, 9 Mass. 231, 235; *Petersilea* v. *Stone*, 119 Mass. 465, 468; *Sheehan's case*, 122 Mass. 445, 446; and the doctrine is supported by a great weight of authority. *Pooler* v. *Reed*, 73 Maine, 129. *Stubbs* v. *Lee*, 64 Maine, 195. *Brewster* v. *Hyde*, 7 N. H. 206. *Blake* v. *Sturtevant*, 12 N. H. 567, 572. *Cummings* v. *Clark*, 15 Vt. 653. *People* v. *Nostrand*, 46 N. Y. 375, 382. *Green* v. *Burke*, 23 Wend. 490, 503, 504. *People* v. *Hopson*, 1 Denio, 574. *People* v. *Weber*, 86 Ill. 283. *People* v. *Weber*, 89 Ill. 347. *Gourley* v. *Hankins*, 2 Iowa, 75. *State* v. *Dierberger*, 90 Misso. 369. *Venable* v. *Curd*, 2 Head, 582. *Miller* ·v. *Callaway*, 32 Ark. 666. In like manner, when one sues to recover fees due to him as an officer, he must show that he is an officer *de jure*. *Dolliver* v. *Parks*, 136 Mass. 499. *Phelon* v. *Granville*, 140 Mass. 386.

But it is urged that an officer *de facto* is *prima facie* an officer *de jure*, and that, where the facts relating to the appointment to office do not fully appear, an inference of its validity may be drawn from proof of his having acted as such. However this may be in a case where the party seeking to justify his act produces evidence that he publicly acted and was recognized as an officer in other instances, before or even after the act which is brought into question, it certainly is not sufficient for him to show merely that he assumed to act as an officer in doing the very thing which he seeks to justify, or in other proceedings which are only incidental thereto. If that were so, his authority to do the act might be inferred simply from his having assumed to do it. *State* v. *Wilson*, 7 N. H. 543. *Hall* v. *Manchester*, 39 N. H. 295. *Goulding* v. *Clark*, 34 N. H. 148. *Wilcox* v. *Smith*, 5 Wend. 231. *State* v. *Carroll*, 38 Conn. 449. 1 Greenl. Ev. §§ 83, 92. In the present case, there was no evidence sufficient to warrant a finding that the defendant was a police officer.

*Exceptions overruled.*