CHARLES A. HOBBS vs. IRVING G. HILL.

Suffolk. November 29, 1892. — January 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*" Complaint " — Statute.*

The word "complaint" in the Pub. Sts. c. 207, § 25, means the oral charge which may be made to a proper magistrate or court, and which is to be reduced to writing by the magistrate or court.

TORT, for assault and battery. The defendant pleaded justification as a duly qualified police officer, and recited in his answer " that the plaintiff was arrested by the defendant on October 10, 1890, for being intoxicated and committing a breach of the peace in a public place, . . . and the plaintiff, having been arrested by the defendant as aforesaid, assaulted the defendant with a weapon dangerous to life." The arrest was without a warrant.

At the trial in the Superior Court, before *Thompson*, J., the defendant testified that he arrested the plaintiff both for being intoxicated and committing a breach of the peace, and that, while having him in custody and taking him to the lockup, the plaintiff made an assault upon him with a knife, and cut his cheek with the knife; that the next morning he took the plaintiff before the Police Court of Chelsea, and stated to the court the facts as to the plaintiff's intoxication and breach of the peace, and the assault with the knife; that he was ready to make complaint in writing against him for drunkenness, breach of the peace, and assault with the knife, and ready to testify, but the court received the complaint for the assault with the knife, and the plaintiff was held and tried thereon, and no written complaint was made for drunkenness or for a breach of the peace.

The arrest was made under the Pub. Sts. c. 207, § 25, which provides that " whoever is found in a state of intoxication in a public place, or is found in any place in a state of intoxication committing a breach of the peace or disturbing others by noise, may be arrested without a warrant by a . . . police officer, and kept

in custody in some suitable place until he is so far recovered from his intoxication as to render it proper to carry him before a court or trial justice. The officer may then make a complaint against him for the crime of drunkenness." The plaintiff requested the judge to instruct the jury that the word "complaint" in the closing clause of the Pub. Sts. c. 207, § 25, meant an accusation of crime or offence in writing subscribed by the complainant, which request was refused. The judge instructed the jury "as matter of law, that if the officer went to the court and complained to the court — and it need not be in writing — that the plaintiff was guilty of a breach of the peace, and of drunkenness, and that he arrested him for both, and had him before the court to be dealt with, . . . and stated that the plaintiff made an assault upon him with a knife, the officer had performed his whole duty, so far as the making of the complaint was concerned, if he was there ready to subscribe to such a complaint as the court might reduce to writing, and to appear as a witness in the case to testify."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. E. Hanly*, for the plaintiff.

*J. F. Wheeler*, for the defendant.

ALLEN, J. The word "complaint," as used in the statutes of this Commonwealth in reference to criminal offences, sometimes means the formal written charge of crime to which the accused person is to answer, and sometimes it means the oral charge which may be made to a proper magistrate or court, and which is to be reduced to writing by the magistrate or court. It is used in the latter sense in Pub. Sts. c. 207, § 25. The officer may make the arrest without a warrant, and, after the person arrested is so far recovered from his intoxication as to render it proper to carry him before a court or trial justice, the officer is to make a complaint against him for the crime of drunkenness. By Pub. Sts. c. 212, § 15, " Upon complaint made to any such magistrate that a criminal offence has been committed, he shall examine on oath the complainant and any witnesses produced by him, shall reduce the complaint to writing," etc. A similar use of the word "complaint," as signifying merely an oral charge, which is to be reduced to writing by the magistrate or court, is found in

Pub. Sts. c. 211, § 2, and also in c. 89, § 18. It was not necessary for the defendant to make his complaint in writing, and the plaintiff's request for instructions was properly refused. *Conant* v. *Burnham,* 133 Mass. 503. *Smith* v. *Hayden,* 6 Cush. 111.

*Exceptions overruled.*