WILLIAM J. HORGAN *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    January 13, 1911. — March 3, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*False Imprisonment.    Estoppel.    Waiver.    Joint Tortfeasors.    Carrier,* Of
passengers.

A person, who has been arrested without a warrant for drunkenness and after he
has recovered from his intoxication has made a statement in writing and a re-
quest for release under the provisions of St. 1905, c. 384, and who upon such
request has been released, cannot sue the officer who arrested him for illegal
arrest or imprisonment, this being expressly provided by § 2 of the statute, which
in this provision is merely declaratory of the common law.

If a person arrested is discharged upon his voluntary request to be freed from
arrest without arraignment, he waives any claim for damages which he other-
wise might have had against the officer who arrested him.

If an arrest for drunkenness is made without a warrant by two persons jointly, one
of whom is a police officer and the other of whom is not, and the person arrested
after he has recovered from his intoxication makes a statement in writing and
a request for release under the provisions of St. 1905, c. 384, and is released
upon such request, this not only discharges the police officer from liability for
illegal arrest or imprisonment, but also discharges from such liability the person
not an officer who joined in making the arrest, because the discharge of one
of two joint tortfeasors discharges both.

In an action against a carrier of passengers for an illegal arrest and false imprison-
ment alleged to have been committed by its servants, if it appears that the
servants alleged to have committed the illegal acts are not liable for them or
have been released from such liability, this exonerates the carrier and is a de-
fense to the action.

TORT for an alleged illegal arrest and false imprisonment of
the plaintiff alleged to have been committed by the servants of
the defendant after the plaintiff had entered the subway station
of the defendant at Scollay Square in Boston on October 29,
1907.    Writ dated December 7, 1907.

The answer contained a general denial and a plea of justifica-
tion.    In the Superior Court the case was tried before *Brown,* J.
The evidence is described in the opinion.    At the close of the
evidence the judge ruled that the plaintiff was not entitled to
recover, and ordered a verdict for the defendant.    The plaintiff
alleged exceptions.

*D. H. Coakley, R. H. Sherman & W. Flaherty,* for the plaintiff, submitted a brief.

*E. P. Saltonstall, (A. M. Beale* with him,) for the defendant.

BRALEY, J. The verdict for the defendant was ordered at the close of all the evidence, but as the jury could have disbelieved the defendant's witnesses so far as their testimony was material, the question is, whether upon the plaintiff's own narrative he could prevail.

Having entered the subway station of the defendant and paid his fare with the intention of becoming a passenger, the plaintiff was lawfully on the premises, and, if while passing through the turnstile to take a car its servants unlawfully molested him by physical restraint, the defendant is responsible for the injury. *Lockwood* v. *Boston Elevated Railway,* 200 Mass. 537, 544; *Jackson* v. *Old Colony Street Railway,* 206 Mass. 477. Nor can the corporation escape liability even if its servants acted as special police officers appointed under the provisions of the St. of 1898, c. 282. By § 2 the defendant is made liable for their official misconduct, to the same extent as for their torts when acting as its employees.

The plaintiff testified, that two of the defendant's servants, one of whom was a special police officer, took him into custody, and brought him to the police station where he was charged by the officer with the offense of drunkenness. If the plaintiff was found intoxicated in a public place, "or . . . any place . . . disturbing others by noise," he could be arrested by a police officer without a warrant, and no question seems to have been made by the plaintiff at the trial, nor does he now contend, that the arresting officer was not qualified to act, or that the railway station was not a public place. R. L. c. 212, § 36. *Short* v. *Symmes,* 150 Mass. 298. '

The St. of 1905, c. 384, § 1, which was inserted by the Legislature in place of R. L. c. 212, § 37, governing proceedings after arrest for drunkenness without a warrant, required the officer to make complaint to the court having jurisdiction of the offense. The arrest is only preliminary, and although "complaint" means the oral allegations by the officer which are to be reduced to writing in proper form by the magistrate or court, the officer is liable to an action for assault and false imprisonment unless he

complies with the requirement.  *Hobbs* v. *Hill*, 157 Mass. 556. *Martin* v. *Golden*, 180 Mass. 549.  *Brock* v. *Stimson*, 108 Mass. 520.  But, the plaintiff having admitted that when he arrived at the police station he was charged by the officer with " the crime of drunkenness," it is to be presumed in the absence of any qualifying statement, that the statute was followed.

No further steps were taken to bring him before the court, and, having been discharged without arraignment or trial, the plaintiff ordinarily would have the right to go to the jury on the question, whether when arrested he was intoxicated, with the burden of proof on the defendant to justify the arrest.  *Phillips* v. *Fadden*, 125 Mass. 198.  *Hathaway* v. *Hatchard*, 160 Mass. 296.  The statute, however, while guarding against the abuse of criminal process, also confers the privilege on the party arrested after recovering from his intoxication to procure his discharge without the publicity of a trial.  He may ask in writing for his release, and after certain preliminaries are complied with, the officer for the time being in charge of the place of detention may forthwith discharge him.  St. 1905, c. 384, § 1.  The paper put in evidence during the cross-examination of the plaintiff, and signed by him, was in terms such a request.  It is not contended by the plaintiff that his signature was procured by fraud or coercion, or that any attempt was made to conceal any material portion of the paper, or that he was illiterate and did not have full opportunity to acquaint himself with its contents.  The instrument having been voluntarily and intelligently presented by him as his own act, and his discharge thereby obtained, the plaintiff ought not to be permitted to set it aside after the releasing officer acted in reliance upon the statute.  *Trambly* v. *Ricard*, 130 Mass. 259, 260, 261.  *McNamara* v. *Boston Elevated Railway*, 197 Mass. 383.  It is not only expressly provided by St. of 1905, c. 384, § 2, that if the person arrested is released at his request the officer who took him into custody shall not be liable for an illegal arrest or imprisonment, but settled law, that if a party voluntarily asks to be freed from an arrest without arraignment, and his discharge follows, he impliedly waives any claim for damages which otherwise he might have had against the officer.  *Caffrey* v. *Drugan*, 144 Mass. 294.  *Joyce* v. *Parkhurst*, 150 Mass. 243, 247.  *Bates* v. *Reynolds*, 195 Mass. 549.

The wrong also was participated in by another employee of the defendant who was not a police officer. But the tort being joint, the plaintiff at common law, having discharged one of the wrongdoers, could not hold the other. *Brewer* v. *Casey*, 196 Mass. 384, 388, 389.

If for the reasons stated the plaintiff could not prevail in a suit against the officer or the officer's fellow servant, he cannot recover against the defendant. The carrier when sued for an assault by the carrier's servant upon a passenger may prove in justification that the servant could not have been held liable, or has been released, and, if the servant was not responsible in damages, the carrier also is exonerated. *Jackson* v. *Old Colony Street Railway*, 206 Mass. 477. *New Orleans & Northeastern Railroad* v. *Jopes*, 142 U. S. 18.

*Exceptions overruled.*