Singerman *v.* Burns Internat. Detective Agency, Inc.   291

App. Div. 291]          First Department, February, 1927.

allowance of costs and likewise affirmed in refusal to grant damage for impairment or destruction of good will of the business.

Dowling, P. J., Finch, Martin and O'Malley, JJ., concur.

Order reversed in so far as it awards damages for personal property, and in all other respects affirmed.   Settle order on notice.

---

Adolph Singerman, Respondent, *v.* William J. Burns International Detective Agency, Inc., Appellant, Impleaded with " Clarence " Johnson, First Name Fictitious, etc., and Another, Defendants.

First Department, February 4, 1927.

False imprisonment — defense of waiver of rights if plaintiff were released — individual defendants, who were not police officers, arrested plaintiff for misdemeanor committed in their presence — good defense that after arrest said defendants released plaintiff at his request under .promise by him to waive any claim arising out of arrest and detention — Code of Criminal Procedure, § 185, applied.

In an action for false imprisonment, arising out of the arrest of the plaintiff by the individual defendants, who were not police officers, for a misdemeanor committed in the presence of the defendants, it was error for the court to strike out of defendants' answer a defense that, after the arrest was made, the plaintiff was released at his own request upon his entreaty, under a promise by him to waive any complaint he might have for the arrest and consequent detention, for a person should not be permitted to escape arraignment before a magistrate, as prescribed by section 185 of the Code of Criminal Procedure, by his appeal to , the sympathy of the defendants making the arrest, and then be allowed to recover damages because the defendants did not arraign him.

Merrell, J., dissents.

Appeal by the defendant, William J. Burns International Detective Agency, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of May, 1926, resettling an order previously made striking out paragraphs " eighth " to " thirteenth " inclusive of the amended answer on the ground that these paragraphs are insufficient in law to constitute a defense.

*Martin J. Desmoni* of counsel [*Abraham Jame* with him on the brief; *Tobias A. Keppler*, attorney], for the appellant.

*Louis J. Schwartz* of counsel [*Benjamin Lifshitz* with him on the brief], for the respondent.

Martin, J.   Two causes of action are set forth by plaintiff, one, for damages as a result of false imprisonment by the defend-

292   Singerman v. Burns Internat. Detective Agency, Inc.

First Department, February, 1927.          [Vol. 219

ants; the other for damages sustained by reason of the defendants' assault upon the plaintiff at the time of the arrest.

The defendant William J. Burns International Detective Agency, Inc., served an answer, and, by its affirmarive defense contained therein, seeks to justify the arrest and detention of the plaintiff by the defendants Johnson and Newmark, on the ground that the plaintiff committed a misdemeanor in the latter's presence, thus giving them the right as private citizens to arrest the plaintiff.

In the defense set forth in the answer, the defendant William J. Burns International Detective Agency, Inc., admits that the defendants Johnson and Newmark detained and imprisoned the plaintiff for the purpose of summoning a police officer, but states that they were induced by plaintiff's entreaties to release him.

Section 185 of the Code of Criminal Procedure provides as follows: " A private person, who has arrested another for the commission of a crime, must, without unnecessary delay, take him before a magistrate, or deliver him to a peace officer."

The provisions of this section are mandatory, and the defendant Johnson should have taken the plaintiff before a magistrate or delivered him to a peace officer.

The court at Special Term struck out the portion of the defense which alleged that, after plaintiff was arrested for a misdemeanor, he begged to be allowed to go free and that the citizen arresting him acquiesced on plaintiff's waiving any complaint he might have for the arrest and consequent detention.

It is true that in many cases it has been held that, unless the citizen making the arrest turns the person arrested over to a peace officer or brings him before a magistrate, the arrest becomes illegal. (*Snead* v. *Bonnoil*, 49 App. Div. 330; *Tobin* v. *Bell*, 73 id. 41.) If the person so arrested seeks to be set free and is set free because of his entreaties and with the implication that he waives any claim he may have for alleged unlawful detention, a defendant may set forth such facts as a sufficient plea to a subsequent action for such detention.

In *Joyce* v. *Parkhurst* (150 Mass. 243) the court said: " The defendant was about to take the plaintiff before the District Court to make complaint against him  *  *  *  the plaintiff asked him ' not to do so, but to let him go,' and further said that ' he had nine children, and did not want the defendant to take him before the court, but wanted to go home and take care of his family,' and  *  *  *  thereupon the defendant let him go.  Such a request shows the intention of the plaintiff to waive his rights, and fairly implies an understanding that he shall not hold the defendant responsible for granting the request, and would warrant

the jury in finding that there was a release of damages by the plaintiff on account of the failure by the officer to take him before the court and make complaint."

In *Horgan* v. *Boston Elev. R. Co.* (208 Mass. 287, 289) the court said: " It is not only expressly provided by St. of 1905, c. 384, § 2,* that if the person arrested is released at his request the officer who took him into custody shall not be liable for an illegal arrest or imprisonment, but settled law, that if a party voluntarily asks to be freed from an arrest without arraignment, and his discharge follows, he impliedly waives any claim for damages which otherwise he might have had against the officer." (See, also, *Bates* v. *Reynolds*, 195 Mass. 549; *Caffrey* v. *Drugan*, 144 id. 294; *Phillips* v. *Fadden*, 125 id. 198.)

In *Clark* v. *Tilton* (74 N. H. 330) Judge BINGHAM wrote to the same effect, stating that he found the law to be the same in many jurisdictions, and that, if the prisoner's request not to be returned before the court is made of his own free will and is not procured unfairly or through coercion, it should be a defense to an action for false arrest.

In *Venable* v. *Huddy* (77 N. J. L. 351) the New Jersey courts followed the same rule.

A person should not be permitted to escape arraignment before a magistrate by his appeal to the sympathy of a citizen making an arrest and then be allowed to recover damages because he was not brought before a magistrate and properly prosecuted for the misdemeanor he committed. In this situation, we do not believe it would be practical, just or proper to hold, in the ordinary case where the citizen making the arrest had innocently acceded to entreaties to release the prisoner, that the waiver could not be relied upon, especially in view of the fact that the citizen might be guilty of a misdemeanor in not completing the arrest or arraignment.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., O'MALLEY and PROSKAUER, JJ., concur; MERRELL, J., dissents and votes for affirmance.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

---

* Now Mass. Gen. Laws (1921), chap. 272, § 46.— [REP.