**MACKAY v MAXWELL et**

Ohio Appeals, 2nd Dist, Madison Co

No 113.   Decided May 1, 1934

638

F. U. Robinson, Columbus, and Henry Binns, Columbus, for plaintiff in error.

John R. Tanner, London, for defendant in error.

**OPINION**

By BARNES, J.

Counsel for plaintiff in error consume much time and energy and space in their brief in urging the erroneous action of the trial court in respect to rulings on preceding motions and demurrers. Motions directed to pleadings are very generally within the sound discretion of the trial court and rarely are such rulings a proper predicate for an adverse decision in a reviewing court. It is only when such action affects a substantial right that any errors will be considered prejudicial.

The determination of the case in this court hinges solely on the sufficiency of the second defense of defendant's answers. The plaintiff not filing a reply to these answers, thereby admits the truthfulness of all the material averments contained therein. If the facts thus pleaded constitute a good defense against plaintiff's recovery, the plaintiff in error must fail in this error proceeding. If, on the other hand, a good defense is not stated, then the cause must be remanded for further proceedings.

The plaintiff Mackay was involved in a serious automobile accident on one of the public highways of Madison County. Immediately following the accident the cars burned up. A deputy sheriff was called to the scene of the accident. According to the answer Mackay was in an intoxicated condition and was taken by the deputy sheriff to a physician to have his injuries cared for. When they left the physician's office it was near midnight and the deputy took Mackay to the county jail and locked him up. The deputy sheriff had no warrant for the arrest of Mackay nor did he procure one.

In the morning Mackay requested that he be released and agreed to return to answer any charge that might be placed against him and this request was granted. No affidavit was filed nor warrant obtained charging Mackay with the commission of any offense.

Plaintiff in his petition predicates his claim of false arrest on the general allegations that the defendant sheriff, acting through one of his deputies, unlawfully and without authority did arrest plaintiff and imprison him in the county jail where he was held until the following day, subjecting him to great mortification and humiliation, etc. These general allegations that the act of arresting plaintiff was unlawful and without authority, while in the nature of conclusions are, from the very necessity of the situation, proper and permissible statements of the plaintiff's petition.

However, where the defendants meet these general allegations by specific claims it devolves upon the plaintiff to meet the answer by specific denials.

The application of this principle requires the determination that since the second defense of the answers avers that Mackay was intoxicated, and there being no reply denying this averment, it must be accepted as a fact that he was intoxicated.

Intoxication is a misdemeanor as provided by §13194 GC. §13432-1 GC reads as follows:

"Sec 13432-1 GC. OFFICER MAY ARREST ON VIEW. A sheriff, deputy sheriff, constable, marshal, deputy marshal, watchman or police officer, herein designat-

ed as 'peace officers,' shall arrest and detain a person found violating a law of this state, or an ordinance of a city or village, until a warrant can be obtained."

The law is very clearly announced that the right of a peace officer to arrest and imprison for a misdemeanor is clearly restricted by statute to cases where the arrested person is found by the officer violating the law. Under the state of the pleadings, it appears that Mackay was found in a state of intoxication by the deputy sheriff and therefore he had the right to arrest him without warrant.

Sec 13432-3 GC provides as follows:

"Sec 13432-3 GC. DUTY OF PEACE OFFICER ARRESTING WITHOUT WARRANT. When a peace officer has arrested a person without a warrant, he must without unnecessary delay, take the person arrested before a court or magistrate having jurisdiction of the offense, and must make or cause to be made before such court or magistrate a complaint stating the offense for which the person was arrested."

This provision of the statute was not complied with by the sheriff or his deputy. However, the statement is made in the pleading that the incarceration of the plaintiff was made at or near midnight and that in the early morning, Mackay was released on his own request and promised to return to answer any charge that might be made against him. The incarceration being made at midnight, it could not be expected that a warrant would be procured at that hour. It is a matter of common knowledge that mayors and magistrates in small counties do not keep their courts open during all hours of the day and night. The officer could not be expected to be in a position to procure a warrant between the hours of midnight and early morning. At an early hour in the morning, the sheriff would be expected to file an affidavit and procure warrant in order to continue to hold the plaintiff. Instead of filing the affidavit and procuring the warrant, plaintiff requested and was permitted to go on his promise to return.

It is urged that this situation precludes plaintiff from maintaining an action for false arrest. We find no reported cases in Ohio directly upon the proposition. However, in other jurisdictions, the question has frequently arisen and the determination has been uniform. The state of Massachusetts apparently has statutes relative to arrest and procurement of warrant very similar to ours. In the case of Keefe v Hart et, 100

NE, 558 the third syllabus reads as follows:

"If one, arrested without warrant, consents to his release without being taken before a magistrate for hearing, he thereby waives his privilege thereof, and cannot complain of its omission in an action for false imprisonment."

Judge Sheldon in rendering the opinion for the court cites the following cases as supporting the text:.

Joyce v Parkhurst (Mass.), 22 NE, 899.
Caffrey v Drugan (Mass.), 11 NE, 96.
Bates v Reynolds (Mass.), 81 NE, 260.
Horgan v Boston Elev. Ry., (Mass.) 94 NE, 386.
Phillips v Fadden, 125 Mass., 198.
Bath v Metcalf (Mass.), 14 NE, 133.

Also see Twille v Perkins, 77 Maryland, 252, also found in 26 Atl., 236 or 39 A.S.R., 408-414.

In the case of Clark v Tilton, 74 N. H., 330, (68 Atl., 335) the announcement is made that while it is the duty of the officer arresting under a warrant to take the prisoner before the court as soon as circumstances will reasonably permit, yet this mandatory requirement may be waived and if arraignment is omitted at prisoner's request the latter is estopped to set up such an omission of duty in support of an action for false imprisonment.

In Volume 31 American and English Annotated cases, page 716, the Keefe v Hart (Mass.) case, supra, is listed as the leading case. In Volume 11 R.C.L., page 824, we find the following in the text:

"Of course, it is a defense to the action that the plaintiff consented without duress or fraud to the acts of which he complains. The most frequent instance of this defense is where he consented to be released after arrest, without being brought before the court."

Counsel for plaintiff in error advise that the duty of the sheriff and his deputies are controlled by statute and that he had no authority to barter with the criminal laws. With this principle, we entirely agree. However, the fact remains that the plaintiff in error was released and just as quickly and promptly as would have been possible had he been taken before the magistrate. Under the facts as disclosed in the pleadings his arrest was proper in the first instance and could only become improper through a fiction of the law through which it is determined that the failure to procure warrant within a reasonable time makes the arrest unlawful ab initio.

Very little is said in the briefs about the claim of intoxication but much is said relative to the offense of driving a car while in an intoxicated condition. Counsel for plaintiff stress the point that the deputy sheriff did not see the plaintiff driving the car and could not know anything about that except what he heard from others. That this offense of driving while in a state of intoxication being a misdemeanor therefore there is no right of a peace officer to arrest without warrant. The rule of law being that in a misdemeanor peace officers can only make the arrest where the person arrested is found committing the offense. This question might be very interesting in the absence of the averment in the answer of intoxication. Under the facts set out the officer had a right to arrest when he found the defendant in a state of intoxication, without a warrant.

We find no error in the judgment of the lower court. The petition in error will be dismissed at costs of plaintiff in error.

Exceptions will be allowed.

HORNBECK, PJ, concurs.

## ON MOTION FOR REHEARING

Decided May 24, 1934

By THE COURT

The above entitled cause is now being determined on motion for rehearing filed by council for plaintiff in error. Voluminous brief accompanies the application.

We have examined the brief very carefully. We find nothing therein to warrant a modification of our former opinion.

Counsel in their brief set out in concrete form three reasons upon which they base their application for rehearing.

The first ground is based on the claim that our original opinion was based on the supposition that statutes of Massachusetts, Maryland and New Hampshire were similar to ours. The only reference made to the statutes in other jurisdictions was the statement that Massachusetts apparently had statues relative to arrest and procurement of warrant very similar to ours. Counsel in their brief seek to refute this observation by quoting verbatim the provisions of the Massachusetts statute relative to arrest for intoxication. This was not the section to which we referred, and our opinion clearly shows it.

In the second specification complaint is made that the opinion in effect reverses our own Supreme Court in **Leger v Warren**, 62 Oh St, 500, and also the provisions of §13432-3 GC.

Neither directly nor by inference can it properly be said that we expressed any opposition to the principles announced by the Supreme Court in 62 Oh St, supra. The facts in the reported case and the instant case are materially different. In the first syllabus of the reported case the statement is made that "a person who has been arrested without a warrant cannot lawfully be held in custody for any longer period than is reasonably necessary to obtain a legal warrant for his detention." In the reported case the accused was held for a period of five days. In the instant case the accused was incarcerated at midnight and released in the morning. It is our conclusion that he was not held an unreasonable time, and therefore our conclusions are in line with the reported case.

The mandatory provision of §13432-3 GC, that the accused, after arrest, must, without unnecessary delay, be taken before a court or magistrate having jurisdiction was not violated in the instant case. The words "without unnecessary delay" recognize that there must be a reasonable time within which to procure the warrant. As stated in our original opinion, the accused was released at the earliest possible time and while no warrant was procured it was due to the fact that he was released upon his promise to return and answer any charge that might be presented against him.

Specification No. 3 complains that plaintiff was deprived of the right to trial upon the issue presented. The answer to this specification is that if he had desired a trial by jury, a verified reply should have filed to the answer through which issue would have been joined. The fact that no reply was filed compels us to accept all well pleaded facts as true.

The rule of law is well recognized that where the facts are admitted, it devolves upon the court to determine whether or not there is a defense stated.

The application for rehearing will be denied.

HORNBECK, PJ, and BARNES, J, concur.